64167. WEST v. HAUPT.

POPE, Judge.

In 1973 plaintiff-appellant West was injured in an industrial accident in Virginia, and, as a result, he was treated for psychiatric problems between 1975 and 1977. West employed a Virginia law firm to pursue his suit for damages for his injuries. However, in 1976, because he was dissatisfied by the progress of his claim, West hired defendant-appellee Haupt, a Savannah attorney. Haupt became co-counsel with the Virginia firm and arranged with them to take as fees 5/12 of the one-third of the recovery originally agreed by West as attorney fees belonging to the Virginia firm.

In August, 1977 the suit was settled, yet funds constituting West's portion of the settlement were not paid over to West in a lump

sum but were instead deposited in Haupt's trust account. Haupt also deposited a check claimed by him to be his part of the attorney fees. At West's request Haupt made certain sizeable "advances" to West by check in September, 1977. Additionally, upon Haupt's proposal, certain of West's funds from the settlement were invested by Haupt in a marina and approximately $50,000.00 was used on West's behalf to buy into a South Carolina campground along with Haupt. Although West's name did not appear as documentation of his part-ownership, the expenditure of these funds made West and Haupt partners in these ventures. In 1978 the main building at the campground burned and West was neither informed by Haupt nor were any of the collected insurance proceeds paid to him.

At the time he learned of the fire, West was living in West Virginia. He hired St. Clair, a West Virginia attorney in November, 1978 for the purpose of investigating the integrity of his campground investment. St. Clair began this investigation through telephone and postal correspondence with Haupt in which he persistently requested, and Haupt finally provided, documentation of inter alia the ownership of the property and various financial records regarding its ownership and operation. In mid-1979 Haupt sold the property for $75,000.00, an apparent loss. West was neither paid his share directly nor informed of the sale.

By letter dated June 25, 1979 West filed a complaint against Haupt with the State Bar of Georgia charging him with a breach of fiduciary duty. A settlement offer was proposed by St. Clair to Haupt by letter dated February 1, 1980, the terms of which were $15,000.00 immediate payment to West with $50,000.00 to be paid within sixty days with "complete and final release" upon receipt of payment in full. On March 12, 1980, after releasing St. Clair as his attorney, West took his allegations against Haupt to the district attorney in Savannah who then telephoned Haupt to encourage him to resolve the dispute with West. Later that day West went to Haupt's office where a typed settlement agreement awaited him along with one cashier's check and one personal check totaling the immediate payment of $15,000.00. West took the checks, informed the district attorney's office, and returned to his home. The personal check was subsequently returned for insufficient funds, but was then paid by Haupt in money orders. Haupt made additional payments, but left a substantial balance due under the agreement.

West brought an action in two counts: for a rule absolute pursuant to Code Ann. §§ 9-617 and 24-206 alleging $31,418.97 and interest less the $15,000.00 paid in March, 1980 due him from the settlement; and for fraud and deceit in Haupt's alleged conversion of $20,000.00 of West's funds. Haupt answered denying West's

allegations of conversion, raising the business transactions and later amending to add the defense of accord and satisfaction. The trial court denied the rule absolute, holding that no funds which are due West from Haupt are undisputed. Further, at trial Haupt's motion for directed verdict was granted based upon the operation of the March 12, 1980 settlement agreement as an accord and satisfaction of the claims forming the basis of West's action. West appeals from each of the trial court's rulings noted above.

1. West brought this action pursuant to Code Ann. §§ 9-617 and 24-206. Under Code Ann. § 9-617 "[w]here attorneys retain in their hands the money of their clients after it has been demanded, they are liable to rule. . . ." The "rule" referred to in Code Ann. § 9-617 is found in Code Ann. § 24-206 which provides that if an attorney fails to pay to the proper person money he may have in his hands collected by virtue of his office, then after written demand and upon application and subsequent neglect or refusal to pay, the attorney shall be compelled to pay at the rate of 20 percent per annum upon such sum from the date of demand (in addition to paying over the wrongfully withheld sum). This procedure is a "summary remedy to enforce the paying over of money belonging to a client, wrongfully withheld by his attorney, [and] is penal in its nature. . . ." *West v. Hill & Adams,* 23 Ga. App. 636 (2) (99 SE 155) (1919). However, this otherwise summary remedy is not available where the attorney answers the complaint in writing and effectively denies its allegations. See *Felton v. Smith,* 52 Ga. App. 436 (2) (183 SE 634) (1936); Code Ann. § 24-210.

In the case sub judice, the defendant attorney raised the defense of accord and satisfaction. After hearing evidence which established the existence of the May 12, 1980 settlement and plaintiff West's acceptance of defendant Haupt's check under such agreement, the court directed a verdict for Haupt on the claims which allegedly arose prior to March 12, 1980. In its order denying West's motion for new trial or to set aside the judgment, the trial court relied upon *Venture Constr. Co. v. Great Am. Mtg. Investors,* 134 Ga. App. 440 (214 SE2d 683) (1975), as controlling Georgia authority. In *Venture,* the parties entered into a "modification agreement" to settle disputes which arose under their original construction contract. When suit was later brought to collect under the original contract, defendant raised the "modification agreement" as an accord and satisfaction of that debt. The trial court granted summary judgment to defendant on this issue and this court affirmed citing to *Riley & Co. v. London Guaranty &c. Co.,* 27 Ga. App. 686 (109 SE 676) (1921), for the proposition: "All claims, whether disputed or undisputed, may furnish the subject-matter of an agreement in accord and satisfaction, provided such agreement, like all other contracts, is supported by a con-

sideration. When such a valid plea is proved as laid, the rights of the creditor are controlled thereby. (a) Where the amount of the claim is unliquidated, the mere adjustment of such a bona fide dispute by the express terms of a new agreement will of itself afford a valid consideration, sufficient to render the new agreement binding, and this would be true whether the new agreement had been actually performed or not."

In this case the evidence adduced at trial shows that the claim is disputed. West's bases for claiming money owed to him by Haupt are events occurring between the time Haupt was hired in 1976 and May 12, 1980. The settlement agreement expressly states that it is a release of West's past and present claims. This includes the claim for conversion of funds. Although West contends upon appeal that on May 12, 1980 he had no knowledge of the alleged conversion of his funds, the record evidence does not support this argument.

West further argues that the May 12, 1980 settlement agreement is not an accord and satisfaction because it is executory in that Haupt has failed to complete performance. We can not agree with this contention. After a latter contract of accord and satisfaction has been entered into, "a mere breach of it, or the declared intention of one of the parties not to abide by it, will not of itself operate to fix the status of the parties the same as it was prior to the making of the latter contract." *Byrd Printing Co. v. Whitaker Paper Co.,* 135 Ga. 865 (2a) (70 SE 798) (1911). We note that West refused the opportunity afforded by the trial court to amend his complaint to include a direct attack upon the validity of the settlement agreement. Therefore, the trial court was correct in holding that West does not have an election of remedies, but is limited to suit on the settlement agreement of May 12, 1980.

2. Nothing in this opinion should be construed to mean that we sanction Haupt's admitted conduct regarding his entering into business transactions with his client West. To the contrary, we strongly disapprove. See Code of Professional Responsibility, Code Ann. Title 9 Appen., State Bar of Georgia Rule 3-105, Ethical Consideration (EC) 5-3; Directory Rule (DR) 5-104(A).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 18, 1982.

*Fletcher Farrington,* for appellant.
*Reginald C. Haupt, Jr.,* pro se.