A05A1058. PROGRESSIVE CASUALTY INSURANCE COMPANY
et al. v. EVANS et al.

(623 SE2d 767)

ADAMS, Judge.

Diane Evans was involved in an automobile accident that resulted in a total loss of her car. Evans eventually settled a claim for the loss with her insurance carrier, but the amount she recovered did not include compensation for certain fees purportedly required by regulation. Alleging a systemic failure to pay the fees, Evans brought this class action suit against her carrier and a related company on behalf of all other persons similarly situated. Both companies moved for summary judgment on certain grounds, including that her claim is barred by accord and satisfaction. The trial court denied the motion, and this Court granted the defendants' application for interlocutory review.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

The parties agree that the trial court's order correctly states the facts. That order and other undisputed facts show that at the time of the accident, Evans was insured by Progressive Max Insurance Company ("Max"), but claim adjustment and other services were provided by Progressive Casualty Insurance Company ("Casualty"). Evans had no contractual relationship with Casualty,[1] and although Casualty and Max had an "inter-company agreement" for claims administration, that agreement is not in the record.

After Evans notified Max of a claim, Evans and Janet Yonesaki, a Casualty adjuster, negotiated the value of the car. Yonesaki also secured a market valuation report in an effort to determine the cash value of the car just prior to the accident. The value was found to be $4,869, to which Yonesaki added the sum of $32 for the condition of her tires, and made an, apparently verbal, offer of the combined amount. Evans responded with a letter in which she stated that she

---

[1] Counsel for Evans admitted at oral argument that Evans had no contract with Casualty.

was not satisfied with the $4,901 that had been offered "for my car"; she recommended that the car be valued at $6,650. On February 6, Yonesaki wrote Evans and clarified that she had offered a payment of $4,901, plus $361 for "tax and tag," less the $500 deductible to settle her claim under the policy. Evans then hired attorney Thomas R. Burnside III, following which further negotiation ensued regarding the value of the car.[2]

On March 13, 2002, Yonesaki offered to settle the "total loss claim" for "a net payout" of $4,905, the basis for which was set forth in a letter to Burnside as $5,051 for actual cash value, plus $354 "tax," less the $500 deductible. Yonesaki testified in a deposition that the exclusion of the tag fee in the final offer was a "mistake." Yonesaki reiterated the offer in a letter dated April 22. Burnside responded by letter and indicated that his client could not "invest any more time or money in an effort to recover what is due and payable to her for the *total loss* of her vehicle. Accordingly, please forward a check to me ... for the amount set forth in your letter. In doing so, please itemize specifically how you arrived at this amount." (Emphasis supplied.) On May 16, Max issued a check which, on its face, contained the language "FULL AND FINAL PAYMENT ON TL97 MERC SABLE/LESS500DED/." Someone crossed out this language, and Evans deposited the check. An interrogatory response raises an issue of fact as to whether other insureds who filed total loss claims during the class period received tag and title fees as a part of their settlement.

In her class action complaint, Evans contends that the failure to pay all applicable fees "is contrary to Georgia law, contrary to Rule 120-2-52-.06 of the Rules and Regulations of the Office of the Commissioner of Insurance for the State of Georgia, and constitutes a breach of the contract of insurance between the plaintiff and Progressive, including a breach of the covenant of good faith and fair dealing." A class has yet to be certified.

Casualty and Max appeal the denial of summary judgment on the grounds that Evans's claims are precluded by accord and satisfaction. Whether there has been accord and satisfaction is generally a question for the jury, but when there is no genuine issue of material fact, summary judgment is appropriate. OCGA § 13-4-103; *Quintanilla v. Rathur*, 227 Ga. App. 788, 793 (3) (490 SE2d 471) (1997).

OCGA § 13-4-103 (b) (1) identifies one method of accomplishing an accord and satisfaction. Under that subsection, if "[a] bona fide

---

[2] Counsel for Evans stated in the hearing below, "There was a dispute in this case between the insured and myself and the insurance company about the amount due for the actual cash value of the vehicle."

dispute or controversy exists as to the amount due," an accord and satisfaction arises where a creditor accepts "a check, draft, or money order marked 'payment in full' or with language of equivalent condition, in an amount less than the total indebtedness." Id.; *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 229 (1) (547 SE2d 637) (2001), aff'd, 275 Ga. 145 (563 SE2d 116) (2002). And it has long been held that mere adjustment of a bona fide dispute, including an unliquidated debt, is sufficient consideration for a new agreement. See *West v. Haupt*, 163 Ga. App. 907, 910 (1) (a) (296 SE2d 723) (1982); *Spence v. Carter*, 33 Ga. App. 279 (125 SE 883) (1924). Similarly, under subsection "b," a meeting of the minds is not required. *Golden Peanut*, 249 Ga. App. at 229 (creditor's acceptance of a conditional payment extinguishes the disputed debt by operation of law, notwithstanding protests that remainder is due, even with no meeting of minds). Finally, a unilateral attempt to change the conditional nature of the check by striking out the full and final payment language is futile. See *Anderson v. Shelby Mut. Ins. Co.*, 237 Ga. 687, 689-690 (229 SE2d 462) (1976); *Motorola Communications &c. v. South Ga. Natural Gas Co.*, 104 Ga. App. 376, 379 (121 SE2d 672) (1961).

In this case, there is no question that a dispute existed as to the value of the car and therefore the total loss, and no question that Evans negotiated a check marked with "payment in full" language in an amount less than the total indebtedness. But Evans contends the dispute was not bona fide because Max's offer to settle by accord and satisfaction was not made in good faith, a required element. See *Withington v. Valuation Group*, 249 Ga. App. 8, 12-13 (547 SE2d 594) (2001) (jury issue presented regarding good faith of offer of compromise agreement).

But we fail to find any evidence of bad faith in the record with regard to Max's settlement discussion with Evans and her attorney. Max fully revealed the calculation of the final settlement amount in a letter, and it clearly indicated that no tag, title or other fees were included. Thus, nothing was concealed from Evans and Burnside. And the policy provided that "if any provision of this policy fails to conform with the legal requirements of the State of Georgia, the provision shall be deemed amended to conform with such legal requirements." Thus, Evans was on notice that any applicable laws and regulations were part of the policy. We fail to see how Max's behavior with regard to Evans evidences bad faith.

Evans also contends that even if there was an accord and satisfaction, it did not include the tag and title fees. See *State Farm Fire &c. Co. v. Fordham*, 148 Ga. App. 48, 52 (2) (250 SE2d 843) (1978) (accord and satisfaction may be executed pro tanto where separate and distinct demands or obligations exist). But we find no evidence to suggest that the parties understood the check to be a settlement of

less than all of several obligations. Unlike in *State Farm v. Fordham*, the negotiations in this case did not pertain to only one of two separate obligations. See id. The negotiations here involved the entire loss payable under the policy. Indeed, both parties referred to the issue in their correspondence as the "total loss." And there is no evidence that the tag and title fees were omitted for any reason other than a unilateral or mutual mistake. But neither doctrine is applicable here because Evans was on notice that the final payment did not include tag or title fees, and by exercising reasonable diligence she could have verified that information and done something about it before depositing the check. See *Martin v. Heard*, 239 Ga. 816, 817-818 (1) (238 SE2d 899) (1977) (reformation due to mistake not available where person should have discovered the truth). See also *Mobley v. Fulton Roofing Co.*, 173 Ga. App. 563, 565 (2) (327 SE2d 540) (1985) (absent fraud or undue influence, party may not attack accord and satisfaction on the ground of unilateral mistake).

Finally, the trial court held that accord and satisfaction cannot be applied to first-party insurance claims when liability under the policy is undisputed even though the value of the car is at issue, but we find no law on point. And at least two cases involving first-party claims have applied the doctrine of accord and satisfaction. See, e.g., *Collins v. Commercial Union Ins. Co.*, 154 Ga. App. 450 (268 SE2d 685) (1980); *Hatfield v. Colonial Life &c. Ins. Co.*, 102 Ga. App. 630 (116 SE2d 900) (1960).

Because the undisputed facts show that Max and Evans entered into a binding accord and satisfaction, summary judgment should have been granted. See, e.g., *Rabenstein v. Cannizzo*, 244 Ga. App. 107 (534 SE2d 847) (2000). Because we find that Evans settled her claim, the issue of whether Evans had any claim against Casualty is moot. Finally, the issues presented to us involve only Evans's claim, and therefore we have not addressed any facts or issues pertaining to any other members of the purported class.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 1, 2005.

*Hull, Towill, Norman, Barrett & Salley, Patrick J. Rice, Troutman Sanders, Herbert D. Shellhouse*, for appellants.

*Burnside, Wall, Daniel, Ellison & Revell, Thomas R. Burnside III*, for appellees.