A08A2346. BLITCH et al. v. WALKER PHARMACY, INC.
(671 SE2d 842)

ANDREWS, Judge.

We granted the application of Jennifer Blitch and Chari W. Lotheridge to consider whether the trial court erred when it denied their motion to enforce a settlement agreement concerning a debt dispute with Walker Pharmacy, Inc. We hold that Walker Pharmacy discharged its claim and agreed to pay outstanding attorney fees when its counsel deposited the appellants' check accompanied by a letter stating that the check was offered in full satisfaction and also stating the amount of fees still due. We therefore reverse.

The question whether the parties reached an accord and satisfaction is for the factfinder unless there are no genuine issues of material fact. *Progressive Cas. Ins. Co. v. Evans*, 276 Ga. App. 594, 595 (623 SE2d 767) (2005).

The record shows that Walker Pharmacy filed suit against Blitch and Lotheridge to recover a debt. Blitch and Lotheridge filed a third-party complaint against Devra Walker, the wife of the pharmacy owner Lindsay Walker, alleging that she owed one-third of the debt.

During Blitch's deposition on July 30, 2007, Susan Cox, the attorney for Walker Pharmacy and Devra Walker, read an offer of settlement into the record as follows:

> Walker Pharmacy or Devra Walker writes a check for $50,000, Jennifer Blitch writes a check for $50,000 and Chari Lotheridge writes a check for $50,000. Out of that $50,000 [sic] First Southern gets paid off at whatever the current payoff is. . . . The current payoff is $118,310.03. *Now, out of that number, on top of that, Wilson's attorneys fees and my attorneys fees get paid* and if there is any amount left, according to Lindsay — and it might be $1,000. It may be $5,000, but whatever that amount is goes towards Walker Pharmacy and all the other issues go away.

(Emphasis supplied.) Wilson R. Smith, the attorney for Lotheridge

and Blitch, outlined and accepted the terms of the settlement in a letter of August 3:

> Each party, Devra, Jennifer, and Chari will contribute the sum of $50,000 to [be] applied as follows: a. All principal and interest owing to Walker Pharmacy in the approximate amount of $118,000 will be paid in full, b. *The attorneys will be paid for services rendered*, and c. The balance will be paid over to Walker Pharmacy.

(Emphasis supplied.)

Two weeks later, Cox wrote Smith that Walker Pharmacy was unwilling to consummate the settlement unless Lotheridge and Blitch paid an additional $10,000 (for a total of $55,000 each) because both sides' attorney fees were higher than expected. Smith responded that his clients had accepted only the "50/50/50" settlement offer. By separate letter the next day, August 21, Smith sent a check for $100,000 payable to Cox's firm with a letter stating that the check was "tendered in full payment and satisfaction of the settlement reached by the parties at the deposition of Jennifer Blitch on July 30, 2007." The letter also requested payment for Smith's fees in the amount of $14,142.86.

Cox deposited the $100,000 check payable to Walker Pharmacy but later sent Smith a Walker Pharmacy check for only $4,860. Cox believed that the "payment of attorney fees" term of the settlement meant only current attorney fees, not the total fees the parties had incurred in the litigation. Blitch and Lotheridge filed a motion to enforce the settlement agreement, which the court denied on the ground that the parties never reached a meeting of the minds concerning the amount of fees due under the settlement. This interlocutory appeal followed.

Section 3-311 of the Uniform Commercial Code, codified at OCGA § 11-3-311, but not previously applied by a Georgia court, provides in relevant part:

> (a) If a person against whom a claim is asserted proves that (i) such person in good faith tendered an instrument to the claimant as full satisfaction of the claim; (ii) the amount of the claim was unliquidated or subject to a bona fide dispute; and (iii) the claimant obtained payment of the instrument, then subsections (b), (c), and (d) of this Code section shall apply.

> (b) . . . [T]he claim is discharged if the person against whom the claim is asserted proves that the instrument or

an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

This section, which codified the longstanding common-law rule permitting accord and satisfaction by acceptance of a properly marked check, "is based on a belief that the common law rule produces a fair result and that informal dispute resolution by full satisfaction checks should be encouraged." Comment 3, Uniform Commercial Code Section 3-311. See also OCGA § 13-4-103 (b) (1) (creditor's acceptance of a check marked as payment in full "shall not constitute an accord and satisfaction unless: (1) A bona fide dispute or controversy exists . . . *or* (2) Such payment is made pursuant to an independent agreement . . . that [the] payment shall satisfy the debt") (emphasis supplied).

Smith sent his clients' check for $100,000 with a succinct letter stating that the check was tendered in "full payment and satisfaction of the settlement" and requesting an additional $14,142.86 in attorney fees. The parties were engaged in a good faith dispute concerning the fee portion of that settlement when Smith made his conspicuous statement concerning the tender of the check as full payment and satisfaction. See OCGA § 11-1-201 (10) (a statement is "conspicuous" if "it is so written that a reasonable person against whom it is to operate ought to have noticed it"); Comment 4, Uniform Commercial Code Section 3-311 (applying this definition to Section 3-311 (b)). It follows not only that Walker Pharmacy's claim against Blitch and Lotheridge was discharged when counsel for Walker Pharmacy endorsed and deposited the check, but that its act of doing so indicated its agreement to pay the fee amount specified as outstanding. See *Curtin v. United Airlines*, 275 F3d 88, 94-95 (III) (A) (D.C. Cir. 2001) (plaintiffs' cashing of check bearing stamp that payee's endorsement would constitute "full and complete settlement" amounted to a valid accord and satisfaction under UCC § 3-311); *Progressive*, 276 Ga. App. at 596-597 (reversing denial of summary judgment to debtor under OCGA § 13-4-103 (b) where creditor deposited a check marked as "payment in full" but in an amount less than the total indebtedness in dispute).

The trial court erred when it denied the appellants' motion to enforce the settlement agreement.

*Judgment reversed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 18, 2008.

*Smith & Jenkins, Wilson R. Smith*, for appellants.

*Edenfield, Cox, Bruce & Classens, Susan W. Cox*, for appellee.