26877, 26878.   BRADY v. BRADY (two cases).

GUNTER, Justice. In these two appeals the wife brought an action for alimony and other relief against her husband; the husband then filed a separate action for divorce; the wife's response asked for a divorce; the cases were tried together by the court without a jury by agreement, and, after hearing much evidence, the court entered a decree in both cases granting divorce, permanent alimony to the wife, unpaid temporary alimony, attorney's fees to the wife, and a one-half undivided interest in certain real estate to the wife.

The husband has appealed, complaining of two alleged errors below: (1) the trial court overruled his motion to reconsider the attorney's fees award, and (2) the trial court overruled his motion for a new trial as amended.

1. With respect to the attorney's fees issue, we have reviewed the record and transcript; they contain ample evidence to support the award made by the trial judge, and it was not error for him to overrule the motion for reconsideration. In *Curtis v. Curtis,* 173 Ga. 111 (159 SE 862), this court said: " 'In applications for temporary alimony, upon conflicting evidence the discretion of the

judge of the superior court as to the amount of the allowance will not be controlled unless there is an abuse of discretion. The allowance of attorney's fees in applications for divorce or alimony is a necessary provision to enable the wife to properly protect her interests, which has been recognized from the earliest times. In the allowance of attorney's fees, while the financial condition of the husband must have due weight with the court, still, except in cases where the husband is unable to pay a fee, or more than merely nominal compensation, the allowance for attorney's fees should be sufficient to insure to the wife proper legal representation by a competent attorney; and the exercise of a sound legal discretion in applying these principles in the allowance of attorney's fees will not be disturbed.' *Preston v. Preston,* 160 Ga. 200 (127 SE 860)."

2. With respect to the overruling of the amended motion for new trial, it was not error to overrule the usual general grounds and the appellant's contention that the amount of alimony, etc., was excessive. The evidence, though in conflict, supports the trial judge's determination.

(a) One special ground of the amended motion for new trial was that the decree was "illegal and an unauthorized delegation of the authority of the court."

The decree fixed title to one-half undivided interest in realty in the husband and one-half undivided interest in it in the wife. The appellant's complaint here is that after fixing title the decree went further and provided that the realty be thereafter appraised by a named appraiser, that his appraisal be filed with counsel for both parties, and that within ninety days after the date of the appraisal the husband *shall* pay the wife one-half of the appraised value and the wife *shall* at the same time deed her one-half undivided interest in the realty to the husband.

We consider this provision to be in excess of the court's authority since the court had already fixed title to the realty in both parties. After fixing title in both parties,

we do not agree that the court could then *require* either party to purchase the interest of the other at an undetermined price. The wife has acquiesced in this provision of the decree by not appealing; the husband has objected and appealed. Therefore, on remand and within thirty days after the judgment of this court is made the judgment of the trial court, if the husband-appellant moves in the trial court to strike this provision of the decree, then the trial court is directed to do so. If no such motion is made within the allowed time, then the decree shall stand as previously entered and filed.

*Judgment affirmed with direction. All the Justices concur.*
ARGUED DECEMBER 14, 1971—DECIDED FEBRUARY 11, 1972.

*Westmoreland, Hall & Bryan, John L. Westmoreland, P. Joseph McGee,* for appellant.

*Jack P. Turner, C. Fulton Brackett,* for appellee.