## 28323. FITTS v. FITTS.

PER CURIAM. On October 20, 1972, a jury in Fulton Superior Court returned a verdict in favor of Georgene Fitts in a divorce and alimony case, and on January 10, 1973, said verdict was made the judgment of the court. James Fitts appeals from an order overruling his amended motion for a new trial, assigning error as to the amount of alimony and child support and certain other evidentiary matters. *Held:*

1. The jury awarded appellee alimony in amount of $700 per calendar month and stipulated that this sum shall be adjusted either up or down based on the changes that may occur as shown on the Consumer Price Index, compiled by the Bureau of Labor Statistics, U. S. Dept. of Labor as of the date of this divorce decree, with an adjustment made every two calender years from the date of said divorce.

The appellant contends that the use of such a method for adjustment makes the judgment illegal and an unlawful delegation of the authority of the court. We agree with this contention. The jury verdict stated a fixed sum of $700 per calendar month. Such an award is final and cannot be changed except upon a showing that "there has been such a substantial change in the income and financial status of the husband as to

warrant either a downward or upward revision and modification of the permanent alimony judgment." Code Ann. § 30-221. This provision in the jury verdict and the decree based thereon is an attempt to provide for an illegal modification of alimony and is not authorized under the laws of our state.

2. A judgment containing provisions calling for the appointment of appraisers to divide land into two equal 17-acre segments is not illegal or beyond the lawful delegation of authority by the court. The appellant relies on the case of *Brady v. Brady*, 228 Ga. 617 (187 SE2d 258) to support the contention that this portion of the judgment is error. *Brady v. Brady,* supra, does not stand for the proposition that appraisers cannot be utilized in dividing property equally but it does stand for the proposition that the court cannot "require either party to purchase the interest of the other at an undetermined price."

3. The jury incorporated into their verdict the following provision: "Mr. J. W. Fitts shall place in escrow or trust, either by an insurance annuity or other similar provisions, an amount for Jill's four-year college education. Said amount shall be equal to an amount necessary to educate Jill Fitts. Said amount shall be based on the anticipated cost of four years' tuition and related expenses of a State of Georgia College." The trial court translated this portion of the verdict into the following: "Defendant shall place in trust with the National Bank of Georgia as trustee the sum of $13,500 to be spent by the latter for four years of college education for said Jill Tandy Fitts." Appellant complains that the above award is not a legal and enforceable part of the final judgment and decree. We do not agree. Code § 110-105 provides: "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." There is evidence in the record to support the award. Appellee testified as to the cost of tuition and related expenses at colleges she would like the child to attend, said testimony showing that tuition and related expenses could easily be in excess of the amount awarded. Based on this evidence the trial court formulated the judgment to conform to the reasonable intent of the jury.

Appellant also claims that this portion of the judgment is illegal in that it is an attempt to require appellant to support a minor child beyond the age of majority, and that it is an attempt to require appellant to educate said minor child when he has no legal obligation to do so. The award of $13,500 for the minor's

education is not to be given at the time the child is to attend college but is to be given now, and is therefore not void as support past majority. In *Bateman v. Bateman,* 224 Ga. 20 (159 SE2d 387), and *Moody v. Moody,* 224 Ga. 13 (159 SE2d 394) we held that it was not error to award educational expenses in a divorce decree. In this day and time a college education is no longer a luxury but a necessity, and if the circumstances warrant it an award covering the expenses of said education should not be overturned.

4. In granting certain farm equipment to appellee the jury utilized an exhibit, admitted into evidence, showing certain equipment owned by appellant. The verdict provided: "We the jury hereby grant to Mrs. Georgene Fitts all the farm equipment as follows: See attached Ex. No. 1." The judgment interpreted the jury's verdict and translated it to mean all of the farm equipment listed on the exhibit. Appellant claims error here on the grounds that the exhibit was so vague and indefinite that it would be impossible to determine what pieces of property the jury intended to be included in the award. This contention is without merit.

5. Appellant claims the jury's alimony and child support award along with all other awards is clearly excessive. We have carefully reviewed the record as to appellant's present income and net worth and find that the award is not excessive. It is contended by appellant that portions of his present income will cease when notes owed him are satisfied. If and when this occurs his remedy will be to seek a modification under Code Ann. § 30-221. We are now concerned only with the wife's present needs and the husband's present ability to pay. The question of determining alimony is not an exact science, and the variables change from case to case. This is why the jury is allowed a wide latitude in determining the amount to be awarded. See *Bateman v. Bateman,* 224 Ga. 20, supra, and *Jeffrey v. Jeffrey,* 206 Ga. 41 (55 SE2d 566).

6. We have carefully considered the other enumerations of error, and have determined them to be without merit.

*Judgment affirmed, with direction that the provision for adjustment of the amount of alimony be adjusted on the basis of change in the Consumer Price Index be stricken. Mobley, C. J., Grice, P. J., Nichols and Undercofler, JJ., concur. Ingram, J., concurs in the judgment only. Gunter and Jordan, JJ., dissent.*
Argued October 10, 1973 — Decided December 3, 1973 —

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, P. Joseph McGee,* for appellant.

*Jack P. Turner, Nathaniel E. Gozansky,* for appellee.

Jordan, Justice, dissenting. I do not agree that the jury verdict and judgment of the alimony award to the wife of a fixed amount subject to adjustment every two years based on the Consumer Price Index was illegal or unlawful. Though rare in the field of divorce and alimony, such a method is in extensive use in other areas. A similar provision is incorporated into most retirement and pension plans, and serves there, as it will here, to maintain a proper ratio between appellee's income and the ever-fluctuating cost of living. This court has recently upheld an award of alimony based upon a percentage of future income in the event of a change in the husband's "net compensation after taxes," thereby approving a variable award of alimony contingent upon a certain event. *Golden v. Golden,* 230 Ga. 867 (199 SE2d 796). I see no distinction between the holding in that case and the verdict and judgment in the instant case.

I am authorized to state that Justice Gunter concurs in this dissent.