S02A1291. HOME BUILDERS ASSOCIATION OF SAVANNAH, INC. v. CHATHAM COUNTY.
(577 SE2d 564)

THOMPSON, Justice.

Home Builders Association of Savannah, Inc. sued Chatham County alleging that certain fees charged by various county departments for the issuance of building permits, and other fees related to real estate development, exceed the true cost of services for which the fees are charged and are not rationally related to cost of the services

---

being provided. The multi-count complaint alleged an illegal tax; a deprivation of property without due process of law under both the Georgia and Federal Constitutions; a violation of OCGA § 48-13-9 (a) (regulatory fee must approximate the cost of regulatory activity performed); and violation of the Georgia Development Impact Fee Act, OCGA § 36-71-1 et seq. The County denied that the fees are disproportionate to the services rendered, as well as all other allegations in the complaint.

Cross-motions for summary judgment were filed. Based solely on the written submissions of the parties, the trial court granted summary judgment to the County, and denied summary judgment to Home Builders. Because material issues of fact remain to be decided in order to resolve the parties' claims, we reverse the grant of summary judgment.

Chatham County Department of Building Safety and Regulatory Services ("Inspections") issues building permits, certificates of occupancy, and enforces zoning ordinances and building codes in the unincorporated portions of Chatham County, also known as the Special Service District ("SSD"). Inspections collects fees for the issuance of building permits and certificates of occupancy in addition to other fees in order to fund the services it provides. Fees obtained by Inspections are placed in the SSD special revenue fund. Any fees in excess of Inspections' operating costs are placed in an account called the SSD reserve fund restricted revenue account ("SSD reserve account").

Prior to 2000, Inspections charged a building permit fee for new residential or commercial construction of $2 per thousand dollars of construction value, at a valuation rate of $39 per square foot of building. By January 2000, the SSD reserve account showed a surplus of almost two million dollars. Nonetheless, in that month the permit fee was increased to $3.50 per thousand dollars of construction and the valuation rate was increased to $45 per square foot. In June 2002, the permit fee was reduced to the pre-2002 level, but the valuation rate remained unchanged.

The County's Comprehensive Annual Financial Report provides that the SSD reserve account "is restricted for refunds to Inspections customers pursuant to OCGA § 48-13-9."[1] No refunds have been made

---

[1] OCGA § 48-13-9 (a) provides:

A local government is authorized to require a business or practitioner of a profession or occupation to pay a regulatory fee only if the local government customarily performs investigation or inspection of such businesses or practitioners of such profession or occupation as protection of the public health, safety, or welfare or in the course of enforcing a state or local building, health or safety code, but no local government is authorized to use regulatory fees as a means of raising revenue for general purposes; provided that the amount of a regulatory fee shall approximate the

to Inspections customers. Instead, the funds accumulated in the SSD reserve account were expended as follows: In 1998 the County Engineering Department and Metropolitan Planning Commission ("MPC") received $100,000 and $158,780, respectively; in 1999, $128,700 went to Inspections to pay various other county departments; $500,000 was paid to the capital improvement budget of the Savannah Area Geographic Information System program; and in 2000, the Engineering Department and MPC received an additional $50,000 and $276,000, respectively, and the County appropriated another $686,950 to renovate the Air National Guard building in order to relocate Inspections to the facility.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. [Cits.]" *Youngblood v. Gwinnett Rockdale &c.*, 273 Ga. 715, 717 (4) (545 SE2d 875) (2001).

2. The various claims asserted by Home Builders are grounded on the assertion that the County imposed unlawfully high fees throughout this entire period of time which were substantially in excess of its operating costs and that the surplus was improperly spent on other projects, departments, and governmental entities. The fact that Inspections increased its fees at a time that it had accumulated a two million dollar surplus in the SSD reserve account is some evidence that its fees may have exceeded the reasonable cost of the activity it performed. Nor can it be determined as a matter of law that expenditure of the accumulated surplus was used solely to pay for governmental activities related to Inspections. Because outstanding issues of material fact remain to be decided, we hold that summary judgment was improperly granted to the County.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 24, 2003.

*Page, Scrantom, Sprouse, Tucker & Ford, Deron R. Hicks, George*

reasonable cost of the actual regulatory activity performed by the local government.

*G. Boyd, Jr.*, for appellant.
 *Jonathan Hart, Emily E. Garrard*, for appellee.