## A04A0510. DIAL v. ADKINS.
### (595 SE2d 332)

ANDREWS, Presiding Judge.

David Dial appeals from an order finding that he owed accrued interest on past due child support pursuant to OCGA § 7-4-12.1. We find no error and affirm.

Dial was divorced from Lynn Adkins in 1985 pursuant to a divorce decree obtained in Hamilton County, Tennessee. In 1987, Adkins obtained a judgment against Dial in Tennessee holding that he owed over $9,000 under the divorce decree, including past due child support. Adkins subsequently moved to Dade County, Georgia, filed the Tennessee judgment for enforcement in Georgia pursuant to OCGA § 9-12-130 et seq., and filed a contempt petition against Dial alleging that he had failed to pay child support due since 1987 under

---

[14] OCGA § 17-10-2 (a).
[15] OCGA § 16-6-4 (d) (1).
[16] OCGA § 16-6-4 (b).

the Tennessee judgments. Ruling on the contempt petition, the Dade County Superior Court found Dial in contempt for failure to pay over $8,000 past due on the prior judgment and for owing over $26,000 in past due child support. Dial was allowed to purge himself by making a lump sum payment of $30,000 and by agreeing to pay the balance due in installments. After becoming a resident of Catoosa County, Adkins subsequently filed another petition in Catoosa County Superior Court seeking an order enforcing accrued interest under OCGA § 7-4-12.1 on all child support payments which Dial had allowed to become more than 30 days past due. The court entered an order finding that OCGA § 7-4-12.1 imposed interest of 12 percent per annum on unpaid child support payments, commencing 30 days from the day any such payment became due, and that Dial owed interest on past due child support in the amount of $38,329.35.[1] The court refused to find, as urged by Dial, that collection of the accrued interest was precluded by the doctrine of res judicata.

1. Dial claims that the trial court lacked jurisdiction because Adkins failed to register the Tennessee judgments for enforcement in Georgia pursuant to OCGA § 19-11-160 of the Uniform Interstate Family Support Act (UIFSA) (OCGA § 19-11-100 et seq.). The UIFSA was enacted to replace the Uniform Reciprocal Enforcement of Support Act (URESA) (OCGA § 19-11-40 et seq.) for enforcement proceedings filed on or after January 1, 1998. OCGA § 19-11-40.1. However, the procedures set forth in the URESA and the UIFSA for registering and enforcing foreign support judgments are in addition to and not exclusive of the procedures used by Adkins in OCGA § 9-12-130 et seq. to file and domesticate the Tennessee judgments for enforcement. OCGA §§ 19-11-45; 19-11-103; *Dept. of Human Resources v. Deason*, 238 Ga. App. 853, 857 (520 SE2d 712) (1999). Accordingly, the court had jurisdiction to consider the petition seeking interest.

2. Dial contends that, because Adkins could have brought the interest claim under OCGA § 7-4-12.1 in the prior contempt petition, she was barred from subsequently seeking interest pursuant to the res judicata provisions of OCGA § 9-12-40. The doctrine of res judicata provides that the judgment of a court of competent jurisdiction is conclusive between the same parties and their privies "as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered. . . ." OCGA § 9-12-40. However, even if the statutory interest was a matter which could have been put in issue at the contempt proceeding, as a matter of public policy, the doctrine of res judicata is less strictly

---

[1] It is undisputed that OCGA § 7-4-12.1 applies retroactively. *Reid v. Reid*, 232 Ga. App. 304 (502 SE2d 269) (1998).

applied in divorce and alimony cases, including cases dealing with child support issues. *Brookins v. Brookins*, 257 Ga. 205, 207-208 (357 SE2d 77) (1987).

> Thus, the true rule of res judicata in divorce and alimony cases seems to be that a final decree has the effect of binding the parties and their successors as to all matters which were actually put in issue and decided, or which by necessary implication were decided between the parties.

(Citation, punctuation and emphasis omitted.) Id. at 207. Because the issue of interest on past due child support was not a matter put in issue and decided in the prior contempt proceeding, the doctrine of res judicata did not bar the subsequent judgment for the amount of interest accrued under the statute. Id.

3. Dial also contends that Tennessee law governs the interest claim and that Adkins failed to prove she was entitled to the interest under Tennessee law.

There is nothing in the record showing that this issue was raised below or ruled on by the trial court. Issues not raised or ruled on in the trial court present nothing for appellate review. *Ga. Dept. of Natural Resources v. Coweta County*, 261 Ga. 484 (405 SE2d 470) (1991).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 17, 2004.

*Horton, Maddox & Anderson, Michael A. Anderson*, for appellant.

*William P. Slack*, for appellee.