## S06A0605. BENTON v. BENTON.
(629 SE2d 204)

HINES, Justice.

This Court granted estranged husband, Gary Benton, interlocutory appeal in this divorce action against his wife, Diane Benton, to consider whether Mr. Benton was entitled to partial summary judgment on Ms. Benton's counterclaim for alimony and equitable property division based upon the doctrine of federal judicial estoppel. For the reasons which follow, we affirm the trial court's denial of partial summary judgment to Mr. Benton.

Mr. Benton filed for divorce on May 13, 2003. Thirteen days later, Ms. Benton filed an answer and counterclaim, in which she alleged that she was totally dependent upon Mr. Benton for support; she prayed for temporary and permanent alimony, including attorney fees, and an equitable division of the marital property. In February 2005, while the divorce action was pending, Ms. Benton filed a voluntary petition for a Chapter 7 bankruptcy with the United States Bankruptcy Court for the Middle District of Georgia. In connection with her bankruptcy action, she filed a "Statement of Financial Affairs," which listed the pending divorce case as one of three suits to which she was or had been a party in the preceding year. However, in "Schedule B — Personal Property," which asked her to list "[a]limony, maintenance, support, and property settlements to which [she] is or may be entitled," she checked "None." Ms. Benton was granted a discharge by the bankruptcy court on May 19, 2005.

On July 11, 2005, Mr. Benton moved for partial summary judgment in the divorce action on Ms. Benton's claims for property division and alimony, including attorney fees. His motion was based on the doctrine of federal judicial estoppel; he asserted that Ms. Benton's failure to disclose to the bankruptcy court, in Schedule B, that she might be entitled to support and property in the pending divorce case precluded her from pursuing such claims in the divorce action. Ms. Benton responded that her claims for relief in the divorce were inchoate, choses in action, and therefore, she had not made an omission in her bankruptcy petition, but had made an honest and

complete disclosure of her financial condition. Following a hearing in the matter, the trial court denied Mr. Benton partial summary judgment on October 3, 2005, after expressly finding a genuine issue as to one or more material facts.[1]

On October 28, 2005, Ms. Benton moved the bankruptcy court to reopen her case in order to allow her to amend Schedule B. On December 6, 2005, after notice to all parties in interest and no objections having been filed, the bankruptcy court entered an order granting Ms. Benton's motion to reopen her case and allow her to amend Schedule B. On or about December 16, 2005, she filed an "Amended Schedule B — Personal Property," listing the pending divorce action and the possibility that she might receive alimony and other support.

This Court has determined that a debtor filing for bankruptcy under Chapter 7 is not under any statutory duty to amend his or her schedule of assets, but, as in this case, may voluntarily amend the schedule to avoid consequences such as judicial estoppel. *Period Homes, Ltd. v. Wallick*, 275 Ga. 486, 487 (569 SE2d 502) (2002).

> The federal doctrine of judicial estoppel precludes a party from asserting a position in one judicial proceeding after having successfully asserted a contrary position in a prior proceeding. [Cit.] It is most commonly invoked to prevent bankruptcy debtors from concealing a possible cause of action, asserting the claim following the discharge of the bankruptcy and excluding resources from the bankruptcy estate that might have otherwise satisfied creditors. [Cit.] The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. [Cit.] This equitable doctrine is invoked by a court at its discretion, and intended to prevent abuse of the judicial process. The circumstances under which it is appropriate are not reduced to any general formula or rule. [Cit.]

*Period Homes, Ltd. v. Wallick,* supra at 488 (2).

As already noted, the basis for Mr. Benton's claim of judicial estoppel is that Ms. Benton failed, under oath, to reveal assets which could be awarded in the divorce action. And in rebuttal to the motion for partial summary judgment, Ms. Benton asserted that she had made no omission, purposeful or otherwise, but had completely

---

[1] The trial court certified its order for immediate review, which was granted by this Court on November 2, 2005.

disclosed her finances inasmuch as any claims for relief in the divorce were inchoate, the value of which was undetermined, and indeed, could not be determined until the divorce was tried;[2] consequently, her response to the bankruptcy petition's Schedule B question was accurate. In fact, Ms. Benton submitted both her own affidavit and that of her bankruptcy attorney attesting to that effect.

In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003). Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Home Builders Assn. of Savannah v. Chatham County*, supra at 245 (1). See also *Progressive Cas. Ins. Co. v. Evans*, 276 Ga. App. 594 (623 SE2d 767) (2005).

In this case, Ms. Benton's evidentiary response to Mr. Benton's motion for partial summary judgment created a genuine issue of material fact about the existence of any omission at all, which is the sole ground for the sought application of judicial estoppel. Therefore, the trial court did not err in denying summary judgment on the issue of judicial estoppel on this basis alone. However, pretermitting this dispute of material fact, and accepting arguendo that there was an omission in the bankruptcy filing, the application of federal judicial estoppel is still not warranted in this case.

Generally, judicial estoppel is inapplicable when a plaintiff has successfully amended his or her bankruptcy petition to include any claim against the defendant as a potential asset because then it cannot be said that the position in the trial court is inconsistent with the position asserted by the plaintiff in the bankruptcy proceeding and, therefore, judicial estoppel does not bar his or her claim. *Clark v. Perino*, 235 Ga. App. 444, 446 (509 SE2d 707) (1998); *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651 (478 SE2d 629) (1996).

Mr. Benton cites, inter alia, *Cochran v. Emory Univ.*, 251 Ga. App. 737 (555 SE2d 96) (2001), in support of his position that judicial estoppel is warranted. In *Cochran*, the Court of Appeals affirmed the grant of summary judgment to the defendant in the plaintiff/debtor's suit for medical malpractice on the basis of judicial estoppel, holding

---

[2] Ms. Benton also asserted that no settlement in the divorce had been reached and that there was no hope of such a settlement.

that it was not an abuse of discretion for the trial court to find that the plaintiff/debtor "did not act with the requisite diligence" after the issue of judicial estoppel was raised. However, even assuming that "requisite diligence" can be the determinative factor, in that case the plaintiff/debtor did not initially disclose her potential claim to the bankruptcy court and sought to amend her bankruptcy petition only after she received an *adverse* ruling from the trial court on summary judgment. In this case, Ms. Benton, from the beginning, disclosed the pending divorce action to the bankruptcy court and she received a favorable ruling from the trial court on the issue of judicial estoppel.[3] Moreover, *Cochran* makes plain that, after judicial estoppel is raised, the question of whether the debtor acted with requisite diligence is within the sound discretion of the trial court. *Cochran v. Emory Univ.*, supra at 739 (2). Under the circumstances of this case, an abuse of discretion cannot be found in a refusal to apply the doctrine of federal judicial estoppel.

Several factors weigh against the application of judicial estoppel. Ms. Benton did not mislead or manipulate the bankruptcy court about the existence of the pending divorce action; she listed it as one of the three suits to which she was or had been a party in the preceding year, and her claims for alimony and marital property are not inconsistent with any position taken during the pendency of the bankruptcy action. See *Period Homes*, supra at 488 (2). What is more, there is no evidence of any benefit that accrued to Ms. Benton by any initial failure to elaborate in the bankruptcy petition about her claims in the divorce action for support and property. Indeed, there was no objection to the reopening of the bankruptcy case by any of the parties in interest. Finally, but certainly no less significantly, a court should be hesitant to apply federal judicial estoppel to defeat the important rights of a spouse to potential support and an equitable share of marital property. See *Southworth v. Southworth*, 265 Ga. 671, 675 (461 SE2d 215) (1995) (Fletcher, P. J., concurring specially) (public policy requires that divorce be treated differently because of the unique and important issues involved, including support of spouses and division of property); *Dial v. Adkins*, 265 Ga. App. 650, 651 (2) (595 SE2d 332) (2004), citing *Brookins v. Brookins*, 257 Ga. 205, 207-208 (357 SE2d 77) (1987) (as a matter of public policy, the doctrine of res judicata is less strictly applied in divorce and alimony cases); *Suarez v. Halbert*, 246 Ga. App. 822, 825 (543 SE2d 733) (2000), citing *Richardson v. Richardson*, 237 Ga. 830, 831-832 (1) (229 SE2d 641) (1976) and *Brady v. Brady*, 228 Ga. 617, 618 (1) (187 SE2d

---

[3] Also, Ms. Benton sought to reopen her bankruptcy case prior to the grant of review by this Court.

258) (1972) (public policy is enhanced by enabling a spouse to properly protect his or her interests with respect to support).

*Judgment affirmed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

In this divorce action, Diane Benton (Wife) seeks alimony and an equitable division of the marital property. We granted Gary Benson (Husband) permission to file an interlocutory appeal to determine whether he was entitled to partial summary judgment on Wife's claims, based upon the doctrine of federal judicial estoppel. Today, a majority of this Court holds that the trial court correctly denied the motion, concluding that a genuine issue of material fact remains as to whether Wife failed to disclose her divorce claims in her bankruptcy action and that, in any event, "application of federal judicial estoppel is still not warranted in this case." (Majority opinion, page 470). I disagree with both conclusions and believe that, when the admissible and probative evidence of record is construed most favorably for Wife, Husband is entitled to partial summary judgment. Therefore, I dissent.

In 2003, Husband filed for divorce. Wife answered and counter-claimed, seeking an equitable division of property and alimony. In 2005, while the divorce action was still pending, Wife filed for bankruptcy. In connection with her bankruptcy action, she filed a "Statement of Financial Affairs," in which she listed the pending divorce case as one of the three suits to which she was or had been a party in the preceding year. However, "Schedule B — Personal Property" asked her to list "[a]limony, maintenance, support, and property settlements to which [she] is or may be entitled. Give particulars." Wife checked "None." Based on her filings, which were made on penalty of perjury, Wife was granted a discharge by the bankruptcy court.

The federal doctrine of judicial estoppel precludes a bankruptcy debtor from pursuing a claim that he or she failed to include as an asset in the bankruptcy petition. *Wolfork v. Tackett*, 273 Ga. 328 (540 SE2d 611) (2001), disapproved on other grounds, *Period Homes v. Wallick*, 275 Ga. 486, 488 (1) (569 SE2d 502) (2002). " 'The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary.' [Cit.]" *Cochran v. Emory Univ.*, 251 Ga. App. 737, 738 (555 SE2d 96) (2001).

> A failure to reveal assets . . . operates as a denial that such assets exist, deprives the bankruptcy court of the full infor-mation it needs to evaluate and rule upon a bankruptcy petition, and deprives creditors of resources that may satisfy

unpaid obligations. The application of the doctrine preserves the integrity of the judicial forum by not permitting a debtor to take inconsistent positions to manipulate the system. [Cit.]

*Wolfork v. Tackett*, supra at 328-329.

Notwithstanding Wife's apparent failure to disclose to the bankruptcy court her pending divorce claims against Husband, the majority concludes that summary judgment was not authorized because she asserted, by way of rebuttal,

> that she had made no omission, purposeful or otherwise, but had completely disclosed her finances inasmuch as any claims for relief in the divorce were inchoate, the value of which was undetermined, and indeed, could not be determined until the divorce was tried; consequently, her response to the bankruptcy petition's Schedule B question was accurate. In fact, [Wife] submitted both her own affidavit and that of her bankruptcy attorney attesting to that effect.

Majority opinion, pp. 469-470. The error in relying on Wife's assertions is that they are, at best, self-serving conclusions. " 'Ultimate or conclusory facts and conclusions of law, . . . cannot be utilized on a summary judgment motion. Similarly, the mere reargument of a party's case or the denial of an opponent's allegations will be disregarded.' [Cits.]" *Morton v. Stewart*, 153 Ga. App. 636, 643 (2) (b) (266 SE2d 230) (1980). "It is axiomatic that 'conclusory allegations by way of an affidavit . . . will not be sufficient to avoid summary judgment.' [Cit.]" *Collins v. West American Ins. Co.*, 186 Ga. App. 851, 852 (3) (368 SE2d 772) (1988). This Court's determination of whether a genuine issue of material fact remains as to the applicability of the doctrine of federal judicial estoppel should be based upon a de novo review of the admissible and probative evidence of record, rather than reliance on a party's conclusory assertions of its inapplicability.

Construing the evidence most favorably for Wife, she did disclose the existence of the pending divorce action in the "Statement of Financial Affairs." Insofar as what claims she was pursuing in the divorce case are concerned, however, she expressly indicated in the Schedule B that there was no alimony, maintenance, support, or property settlement to which she was or may be entitled. Thus, Wife's reliance on the mere disclosure of the existence of the then pending divorce action is not a basis for avoiding application of the doctrine of federal judicial estoppel. In fact, the disclosure that there was a pending divorce case, coupled with the express representation that there was no alimony or property settlement to which she was or may

be entitled, appears to be even more misleading than simply omitting an asset. On its face, Wife's bankruptcy filings indicate that, although there was a pending divorce action, she was not making any claim for alimony or property division in that proceeding.

The majority accepts without question Wife's contention that her response of "None" on Schedule B was correct because, at that point, her divorce claims were inchoate. However, the schedule plainly asked her to list alimony and property settlements to which she was "or may be entitled. Give particulars." That presumably would include the particulars of any and all claims which were then actually pending. "Neither [Wife's] neglect in failing to read the schedule nor any neglect she may attribute to her attorney is a ground for relieving her of the duty to disclose the claims in the bankruptcy case. [Cit.]" *Byrd v. JRC Towne Lake*, 225 Ga. App. 506, 508 (484 SE2d 309) (1997).

Therefore, discounting any conclusory assertions to the contrary, the evidence of record shows that, although Wife did disclose her pending divorce action, she misled the bankruptcy court, intentionally or not, by failing to disclose her divorce claims against Husband. "Compliance with disclosure requirements is essential to maintaining a bankruptcy case. [Cits.]" *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994). By seeking a recovery of alimony and an equitable division of the marital property, Wife took an inconsistent position with the non-disclosure of those claims to the bankruptcy court. Wife's failure to disclose the divorce claims deprived the bankruptcy court of all of the information it needed to evaluate her petition, and also potentially deprived her creditors of resources to satisfy her debts. *Wolfork v. Tackett*, supra. In opposition to Husband's motion, Wife neither asserted nor showed that the assets that she did disclose were sufficient to meet her debts and, thus, that she derived no benefit as the result of her omission. Compare *Period Homes v. Wallick*, supra at 489 (2). Public policy favors the protection of Wife's legal rights, but advancement of that policy should not extend to depriving Husband of a viable defense to claims against him. Whether asserted offensively or defensively, the rights of one spouse in a divorce action are not paramount over those of the other. On the evidence of record in this divorce case, Husband was entitled to partial summary judgment on Wife's claims based upon the doctrine of federal judicial estoppel. See *Wolfork v. Tackett*, supra; *Cochran v. Emory Univ.*, supra.

In reaching the contrary conclusion, the majority puts misplaced reliance on Wife's successful amendment of her bankruptcy petition so as to include the omitted divorce claims. If, with the bankruptcy court's approval, she had filed such an amendment *prior* to the ruling on the motion for partial summary judgment, the trial court would

have been authorized to consider it as a factor in Husband's invocation of the doctrine of federal judicial estoppel. See *Clark v. Perino*, 235 Ga. App. 444, 445 (1) (509 SE2d 707) (1998); *Johnson v. Trust Co. Bank*, 223 Ga. App. 650 (478 SE2d 629) (1996). As the majority concedes, however, she did not do so until some weeks after the trial court had *already* ruled on Husband's motion and certified its order for immediate review. Her motion to amend was not granted by the bankruptcy court and she did not file her amended schedule until some weeks *after* this Court had granted Husband's application for an interlocutory review of the trial court's order. Under these circumstances, the amendment in the bankruptcy court was certainly not a factor in the trial court's ruling on the motion for partial summary judgment, and is not a factor which this Court can consider in its review of that ruling. See *Burgess v. Nabers*, 122 Ga. App. 445, 447 (2) (177 SE2d 266) (1970).

Wife did file a motion asking this Court to amend the record on appeal so as to include the documents related to her amendment in the bankruptcy court. However, that motion does not cite any authority for this Court to amend the record in that regard, and we have never granted her permission to do so. "[I]t is obvious that the purported amendment, never having been considered by the trial court, has no place in the record on appeal." *Egerton v. Jolly*, 133 Ga. App. 805, 807 (2) (212 SE2d 462) (1975). Based on the relevant and probative evidence that was considered by the trial court and that is properly in the record on appeal, Husband's motion for partial summary judgment based on federal judicial estoppel should have been granted.

DECIDED APRIL 25, 2006.

*Shaffer, Raymond & Dalton, Philip T. Raymond III, Susan D. Raymond*, for appellant.

*Stone & Chapman, Kice H. Stone, Susan Y. Middleton*, for appellee.