**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 14, 2015**

# In the Court of Appeals of Georgia

A15A0001. KIM v. PARK et al.                                    DO-001

DOYLE, Presiding Judge.

Hyoung G. Kim filed suit against Sunny Seo Park, Global Brokers, Inc., Global Brokers Georgia, LLC, and Sunny Home Realty, Inc. (collectively, "the defendants"). Kim appeals the grant of summary judgment to the defendants, arguing that the trial court erred by granting the motion based solely upon his failure to respond thereto. We disagree and affirm.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of

material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

So viewed, the record shows that Park is a licenced real estate broker affiliated at one time with Global Brokers, Inc. Kim engaged Park and Global Brokers, Inc., to manage several of his residential real estate properties. In February 2010, four of Kim's tenants filed suit against him seeking damages for alleged mold problems in their rental home.

In April 2010, Kim terminated his agency relationship with Park and Global Brokers, Inc., explaining that his wife was going to manage his properties. On May 26, 2010, Park received a phone call from someone asking for Kim's home address. The caller did not explain why he sought the information, and because she did not know the caller, Park did not divulge Kim's address. Park did not tell Kim about the call because she no longer had a business relationship with him and did not see any reason to notify him. Park later learned that the caller was a private process server attempting to serve Kim with the lawsuit filed by his former tenants. According to the process server, he did not mention to Park anything about the tenants' lawsuit.

---

[1] (Citation and punctuation omitted.) *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

In December 2010, the Superior Court of Gwinnett County entered a default judgment against Kim, awarding his former tenants $72,331 plus court costs and post-judgment interest. In June 2013, Kim filed the instant action against the defendants, alleging that Park's failure to inform him of the existence of the tenants' lawsuit proximately caused the default judgment against him.[2] The case was scheduled for trial on February 10, 2014, but at the defendants' request, the court entered an order on January 27, 2014, continuing the case for 60 days.

On February 21, 2014, the defendants filed a motion for summary judgment.[3] On March 21, 2014, the trial court entered a consent scheduling order, which provided, inter alia, that (1) discovery shall remain open until June 16, 2014; (2) any dispositive motions shall be filed by July 16, 2014, "and responsive briefs are due

---

[2] Specifically, Kim asserts claims for violations of OCGA § 43-40-25 and OCGA § 10-6A-6, as well as attorney fees. The claims against the non-individual defendants are based on the theory of respondeat superior.

[3] In the defendants' "Theories of Recovery," filed with the trial court, they address only Kim's claims against Park, Global Brokers Georgia, LLC, and Sunny Home Realty, Inc.; the pleading did not address Kim's claims against Global Brokers, Inc. On appeal, the defendants assert that Global Brokers, Inc., was not a party to the motion for summary judgment because the trial court dismissed Kim's claims against it for want of prosecution, providing a citation to the appellate record for the purported dismissal. The record cite does not, however, correspond to a dismissal of Global Brokers, Inc.

within . . . 30 days"; (3) the case will be placed on a trial calendar 60 days after rulings on the dispositive motions; and (4) "[m]odification of any deadline or hearing date requires the [c]ourt's approval even if all parties consent to the change." On March 25, 2014, Kim's attorney sent an email to defense counsel requesting additional time to respond to the summary judgment motion based on the trial court's discovery extension. Defense counsel agreed to give Kim until "mid-July" to respond to the motion.[4] The parties did not, however, seek court approval for the extension as required by the scheduling order, nor did they advise the trial court that they had reached such an agreement.

On June 6, 2014, before Kim filed a response to the motion for summary judgment, the trial court entered an order granting summary judgment to the defendants "after consideration of the motion, no response docketed to date, all other matters of record, as well as the applicable and controlling authority." In its order, the trial court summarized the defendants' evidence:

(1) . . . Park did not know about the lawsuit filed against [Kim] by his former tenants. . . .; (2) [Kim] . . . terminated Ms. Park and Global Brokers, Inc.'s services as property management in April 2010; (3) the

---

[4] The parties initially agreed on an extension until May 26, 2014, but later agreed to extend the response time to mid-July.

4

process server looking to serve [Kim] with the suit his former tenants . . . had filed, contacted . . . Park on or about May 26, 2010[,] seeking [Kim's] location information but did not advise . . . Park why he was seeking said information; and (4) both Global Brokers Georgia, LLC and Sunny Home Realty, Inc. were formed after [Kim] terminated . . . Park and Global Brokers[] Inc.'s services in April 2010 and never had any type of brokerage relationship with [Kim].

Noting that "[t]he burden was then shifted to [Kim] to present evidence to refute same; however, [Kim] completely failed to meet his burden in opposition to the motion," the trial court then granted summary judgment to the defendants. This appeal followed.[5]

In a single enumeration, Kim contends that the trial court erred by granting the defendants' motion for summary judgment based on the fact that [Kim] failed to respond thereto. We find no basis for reversal.

Uniform Superior Court Rule 6.2 provides:

*Unless otherwise ordered by the judge or as provided by law, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after*

_____

[5] On June 16, 2014, Kim filed a motion to set aside the judgment or, in the alternative, to reconsider the order. On July 3, 2014, Kim filed an application for an extension of time to file his notice of appeal, and he filed a notice of appeal that same day. On July 14, 2014, the trial court entered an order denying the extension.

*service of the motion*. Such response shall include or be accompanied by citations of supporting authorities and, where allegations of unstipulated facts are relied upon, supporting affidavits or citations to evidentiary materials of record.[6]

Here, Kim's response to the motion for summary judgment was due, at most, 33 days after the defendants' filed the motion.[7] Kim's argument that the agreement between counsel sufficed to extend his time to respond to the motion is without merit. First, it was not filed with the trial court as required by OCGA § 9-11-6 (b). More importantly, however, in the consent scheduling order, the trial court specifically required the parties to obtain the court's consent before modifying the response deadline. Thus, given the parties' failure to do so, "[w]hatever stipulation was reached, it was not binding on the court at the time the order was issued. . . ."[8]

---

[6] (Emphasis supplied.)

[7] See USCR 6.2 and OCGA § 9-11-6 (e) ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him or her, and the notice or paper is served upon the party by mail or e-mail, three days shall be added to the prescribed period.").

[8] *Peterson v. American Intl. Life Assur. Co. of New York*, 203 Ga. App. 745, 746 (1) (417 SE2d 402) (1992).

The trial court did not base its order granting summary judgment solely upon Kim's failure to respond thereto. Instead, the trial court based its ruling upon the evidence submitted by the defendants, which was supported by the record and unrefuted by Kim. Accordingly, the trial court did not err by granting summary judgment to the defendants.[9]

*Judgment affirmed. Phipps, C. J., and Boggs, J., concur.*

---

[9] See OCGA § 9-11-56 (c); *Peterson*, 203 Ga. App. at 746 (1).