**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 9, 2015**

# In the Court of Appeals of Georgia

A15A0120. ANDERSON ANESTHESIA, INC. v. ANDERSON.

MCMILLIAN, Judge.

Anderson Anesthesia, Inc. ("AA"), an Alabama corporation, appeals the trial court's order dismissing its petition filed pursuant to the Uniform Interstate Family Support Act (the "UIFSA"), OCGA § 19-11-100 et seq., to stay enforcement of an "Income Assignment Order" (the "Income-Withholding Order") issued by a Louisiana court and served on Premier Anesthesia, LLC ("Premier"), a Georgia limited liability company, seeking to withhold a portion of AA's income.[1] We affirm for the reasons set forth below.

---

[1] This is the second appearance of this case before this Court. This Court dismissed an earlier appeal by AA because the Georgia trial court had not issued a final order in the case and AA had failed to follow the procedures for an interlocutory appeal; thus, this Court lacked jurisdiction to consider the appeal. See Order dated May 20, 2014, Case No. A14D0344.

"On appeal, we review a trial court's decision to grant or deny a motion to dismiss de novo." *Liberty County School Dist. v. Halliburton*, 328 Ga. App. 422, 423 (762 SE2d 138) (2014). And "[i]n reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor." (Citation and punctuation omitted.) *Ewing v. City of Atlanta*, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007).[2]

This matter arises out of the divorce of Anne E. ("Anne") and Warren Jeff Anderson ("Warren").[3] The Income-Withholding Order recites that Anne was awarded support in the divorce and that Warren became delinquent in making support payments. The order directs that Premier withhold 50% of any disposable income, including but not limited to, wages, salary, commission, [and] compensation as an

[2] Although the parties submitted affidavits and other documentation in briefing the motion to dismiss, the Georgia trial court's order does not indicate that it considered such evidence in ruling on the motion; rather, it states that it based its ruling on the pleadings and arguments of the parties. Thus, we review the Georgia trial court's order as a ruling on a motion to dismiss.

[3] For clarity, we will refer to the Andersons, individually, by their first names.

2

independent contractor," from the income Premier owes to Warren or AA[4] to satisfy Warren's ongoing support obligations and support arrearages.

After the Income-Withholding Order was served on Premier, AA filed a petition to stay its enforcement, asserting that the Louisiana court lacked authority or a legal basis to issue an order seizing its income because the court never obtained personal jurisdiction over AA. In response, Anne, a Louisiana resident, filed a special appearance answer, denying that the Georgia trial court had personal jurisdiction over her. Anne also moved to dismiss the petition on the ground that it failed to state a claim upon which relief can be granted and argued in her briefing in support of the motion to dismiss that the Georgia trial court lacked both subject matter jurisdiction over the matter and personal jurisdiction over her.

Following a hearing, the Georgia trial court issued an order on February 21, 2014, in which it questioned whether AA met the UIFSA's requirements for contesting the Income-Withholding Order in Georgia (the "First Order").[5] Under the

---

[4] The record indicates that Warren formed AA for tax purposes to receive income he earned as an independent contractor.

[5] The Georgia trial court also found that the mere filing by Anne of an income assignment order in Georgia did not give the court personal jurisdiction over her, citing OCGA § 19-11-133 (a). That provision states that "[p]articipation by a petitioner in a proceeding under this article before a responding tribunal, whether in

3

UIFSA, "[a]n *obligor* may contest the validity or enforcement of an income-withholding order issued in another state and received directly by an employer in Georgia . . . in the same manner as if the order had been issued by a tribunal of Georgia." (Emphasis supplied.) OCGA § 19-11-155 (a). For purposes of the UIFSA, the term

> "[o]bligor" means an *individual* or the estate of a decedent that:
>
> (A) Owes or is alleged to owe a duty of support;
>
> (B) Is alleged but has not been adjudicated to be a parent of a child;
>
> (C) Is liable under a support order; or
>
> (D) Is a debtor in a proceeding under Part 7 of this article.

(Emphasis supplied.) OCGA § 19-11-101 (17). The Georgia trial court noted that "the entity contesting the validity of the income assignment order is an Alabama [c]orporation[,] not an individual," and stated that because no cases had addressed

---

person, by private attorney, or through services provided by the support enforcement agency, does not confer personal jurisdiction over the petitioner in another proceeding." But given our holding in this case, we need not reach this issue.

4

this issue, it was "reluctant to expand the definition of an obligor to also include corporations."

The First Order also stated that the Georgia trial court nevertheless attempted to confer with the Louisiana court that issued the Income-Withholding Order pursuant to the provisions of the UIFSA, OCGA § 19-11-136, but was unable to reach the Louisiana judge presiding over the matter. As a result, the Georgia trial court chose to stay the case for a period of two weeks to allow AA to file "appropriate [m]otions in the Louisiana [c]ourt to have the [Income-Withholding Order] set aside since it claims that the Louisiana [c]ourt was without jurisdiction to enter the order against it in the first instance." But if AA failed to file such motions within that period, the Georgia trial court stated it would dismiss AA's petition to stay enforcement of the Income-Withholding Order.

Four months later, on June 19, 2014, the Georgia trial court issued a final order dismissing AA's petition, noting that AA had failed to provide the court with any evidence "that it has initiated any motion or made any type of submission to the Louisiana [c]ourt seeking to have the [Income-Withholding Order] set aside" (the "Final Order"). In reaching this judgment, the Georgia trial court made no further findings of fact or conclusions of law.

5

On appeal, AA asserts that the Georgia trial court erred (1) in concluding that it had no subject matter jurisdiction to inquire whether a Louisiana income support order qualified for full faith and credit in Georgia; (2) in concluding that it had no personal jurisdiction over a Louisiana resident attempting to enforce an illegal foreign support order in Georgia; and (3) in entering a final order without any supporting evidence.

We note, however, that the Georgia trial court never expressly concluded that it lacked subject matter jurisdiction to consider whether the Income-Withholding Order was entitled to full faith and credit in Georgia. Rather, in the First Order, the Georgia trial court questioned whether AA had standing to contest the Income-Withholding Order in Georgia under the UIFSA, and in the Final Order, the Georgia trial court dismissed AA's petition after it failed to establish that it had taken action in Louisiana to contest the Income-Withholding Order.

We find that the Georgia trial court was correct to question AA's standing to file the petition in this case. Under Georgia's UIFSA, only an individual or an estate meeting the stated criteria may petition a Georgia court to contest an income-withholding order issued by another state. AA expressly filed its petition under the UIFSA, but the allegations of the petition demonstrate that AA does not fall within

the statutory definition of an obligor under the Act. That definition specifically uses the term "individual" and in construing the statute, "we must presume that the legislature's use of that term was a matter of considered choice." (Citation and punctuation omitted.) *Lakeview Behavioral Health System, LLC v. UHS Peachford, LP*, 321 Ga. App. 820, 823 (1) (743 SE2d 492) (2013). If the legislature had intended the term "obligor" to include something other than an individual human being, it could have used the term "person," which the UIFSA defines as "an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, public corporation, government or governmental subdivision, agency, or instrumentality, or any other legal or commercial entity." OCGA § 19-11-101 (19). Accordingly, we find that the term "obligor" under the UIFSA does not include a corporation.

AA asserted in its original petition to stay and the two subsequent amendments to that petition that it is an Alabama corporation and "an independent legal entity."[6] And, in fact, AA asserted in its "2nd Amended Petition to Stay Enforcement of

---

[6] AA also submitted affidavits signed by Warren, averring that it is a "business corporation, with a separate identity and existence" and that it has no arrearage of child support to Anne. However, the Georgia trial court need not have considered this affidavit in dismissing AA's petition.

Foreign Order and Set Aside Foreign Order" that it "is neither the 'obligor' nor his 'estate,'" citing OCGA § 19-11-101. Therefore, although Warren would qualify as an "obligor" under the Act, with standing to contest the Income-Withholding Order in this case, AA, a self-styled "independent" corporation, does not. Accordingly, the Georgia trial court did not err in dismissing AA's petition because even when taken as true, the allegations in the petition, as amended, establish that AA lacks standing to contest the Income-Withholding Order under the UIFSA. See, e.g., *Jurden v. HSBC Mortgage Corp.*, 330 Ga. App. 179, 180 (1) (765 SE2d 440) (2014) (dismissal proper where allegations of complaint show plaintiff lacked standing) (physical precedent only); *Wylie v. Denton*, 323 Ga. App. 161, 167-168 (1) (746 SE2d 689) (2013) (same).[7]

AA argues that the Georgia trial court nevertheless should have considered the validity of the Income-Withholding Order under OCGA § 9-12-16 and/or the provisions of the Uniform Enforcement of Foreign Judgments Law ("UEFJL"),

---

[7] Although Anne's briefing in support of her motion to dismiss does not expressly raise the issue of standing under the UIFSA, the transcript of the hearing on that motion indicates that the issue was raised by the Georgia trial court and addressed by the parties at that time. Additionally, in an affirmative defense, Anne asserted that AA failed to comply with the requirements of the UIFSA in bringing the action.

OCGA § 9-12-130 et seq. However, AA expressly invoked the provisions of the UIFSA in filing all three versions of its petition. And because AA filed the petitions without standing, the Georgia trial court had no jurisdiction over them and no basis to consider the validity of the Income-Withholding Order. Cf. *Perdue v. Lake*, 282 Ga. 348, 348 (a) & 349 (2) (a) (647 SE2d 6) (2007) ("As a general rule, standing must be determined at the time at which the plaintiff's complaint is filed in order to place an actual case or controversy within the purview of the court," and the Georgia trial court had no jurisdiction over complaint filed without standing); *Julian v. Brooks*, 269 Ga. 167, 167 (495 SE2d 569) (1998) (where appellants lack standing to invoke the jurisdiction of the court, dismissal was proper). Moreover, we note that Anne never sought to enforce the Income-Withholding Order under the provisions of the UEFJL, but rather served the order on Premier under the provisions of the UIFSA.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*

9