**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 21, 2020**

# In the Court of Appeals of Georgia

A20A1368. SERLUCO v. TAGGART.

BROWN, Judge.

Sarah Serluco ("wife") appeals the Superior Court of DeKalb County's denial of her motion for new trial in an action filed by her ex-husband, John Taggart ("husband"), to domesticate and register the parties' foreign judgment of divorce and modify child support and/or alimony pursuant to OCGA § 19-11-160. Wife contends that the trial court (1) lacked subject matter jurisdiction to modify husband's alimony obligation under the Uniform Interstate Family Support Act (UIFSA), OCGA § 19-11-100 et seq., and (2) impermissibly modified the duration of the child support award. For the reasons explained below, we vacate the trial court's order and remand this case with direction.

Husband and wife were divorced in New Jersey on November 2, 2011, pursuant to an amended judgment of divorce. Under the settlement agreement incorporated into the amended judgment, husband was ordered to pay wife $3,000 per month in alimony and $1,500 per month in child support for the parties' two children.[1] As to husband's alimony obligation, the settlement agreement provided that it shall terminate "upon the earliest occurrence of one of the following events[:] 1) The death of the Wife; 2) The death of the Husband; or 3) The Wife's cohabitation

---

[1] The original terms of child support provided that "[h]usband shall pay child support to the [w]ife in the amount of $1,500 per month[,]" and that

[h]usband's obligation to make payment for the support and maintenance of the children shall terminate as the children are emancipated which shall be defined as occurring at the happening of any one of the following six (6) events: (a) Reaching the age of eighteen (18) years or completion of four (4) years academic college education, whichever last occurs; (b) Marriage of a child, even though that marriage may be void or voidable and despite any annulment of that marriage; (c) Permanent residence away from the residence of [w]ife: residence at boarding school, camp or college shall not be deemed to be a residence away from the residence of [w]ife, and thus shall not be deemed an emancipation event; (d) Death of the child; (e) Entry into the Armed Forces of the United States, whether voluntary or involuntary; (f) Engaging in full-time employment upon or after the child's attainment of eighteen (18) years of age. . . .

2

in accordance with New Jersey Case Law, or the Wife's remarriage or entering into a domestic partnership, civil union, or same sex marriage."

Both parties, and their children, subsequently relocated to Georgia, and on October 16, 2018, husband filed in the Superior Court of DeKalb County a petition for domestication and registration of the amended judgment of divorce and for modification of child support and/or alimony pursuant to OCGA § 19-11-160. Wife answered and filed a counterclaim for contempt alleging, among other violations of the divorce decree, that husband was in arrears in alimony and child support. Following a bench trial, the trial court issued an order on September 18, 2019, which was prepared by husband's counsel "with minor edits by the [c]ourt," finding that both parties had relocated to DeKalb County "a number of years ago," and that "[i]n accordance with OCGA § 9-12-130 et seq., [(the Uniform Enforcement of Foreign Judgments Law)], the [c]ourt hereby domesticates the Amended Judgment of Divorce entered in Somerset County, New Jersey, dated November 2, 2011[,] so that this [c]ourt shall have jurisdiction to modify and/or enforce the same." The trial court then proceeded to modify alimony and child support, reducing husband's child support obligation to $1,099 per month until the minor children reach the age of 20, and terminating husband's obligation to pay alimony to wife. In its order, the trial court

3

found that wife had been in an exclusive, romantic relationship with her boyfriend since 2011; that wife and her boyfriend see each other at least three to four times per week with the boyfriend sleeping at wife's house regularly; that they travel together "quite often"; that wife's children refer to her boyfriend's daughter as a stepsister and his mother as "Granny Annie." Wife filed a motion to reconsider, motion to set aside final order, and/or motion for new trial, which the trial court denied. Following entry of that order, wife filed an application for discretionary review, which we granted. This appeal followed.

1. As a threshold matter, the trial court should not have registered/domesticated the New Jersey judgment of divorce pursuant to the Uniform Enforcement of Foreign Judgments Law ("UEFJL"). Husband's petition sought relief from his alimony and child support obligations pursuant to the UIFSA, and not the UEFJL,[2] and in fact, as conceded in his brief, the New Jersey judgment was registered in Georgia pursuant

---

[2] Pretermitting the fact that husband did not follow the requirements for filing a foreign judgment pursuant to the UEFJL, as wife points out in her reply brief, the UEFJL allows a *judgment creditor* to enforce a foreign judgment against a *judgment debtor*. See OCGA § 9-12-133. See, e.g., *Dial v. Adkins*, 265 Ga. App. 650, 651 (1) (595 SE2d 332) (2004) (finding that trial court had jurisdiction to enforce Tennessee judgment against husband for $9,000 under divorce decree, including past due child support, under the UEFJL). Here, husband is not a judgment creditor of wife under the express language of the UEFJL.

to the UIFSA on October 2, 2018, 14 days before husband filed his petition. That "Final Order of Registration of Foreign Support Order" identified the New Jersey judgment as the "only existing child support order," recognized it as "the controlling order" for purposes of enforcement, and registered it "as a foreign judgment pursuant to OCGA § 19-11-160 et seq." Because husband registered the New Jersey judgment under the UIFSA, and sought relief under its terms, the trial court erred in failing to consider husband's petition under the UIFSA, or to determine whether the provisions of the UIFSA applied. See, e.g., *Anderson Anesthesia, Inc. v. Anderson*, 333 Ga. App. 437, 440 (776 SE2d 647) (2015) (rejecting petitioner's argument that trial court should have nevertheless proceeded under UEFJL, because, among other reasons, petitioner expressly invoked the provisions of UIFSA in all three versions of its petition).

2. Wife next contends that the trial court was without authority to change the duration of child support to age 20, when the divorce decree provided it would continue until the children reach age 18 or complete four years of college, whichever last occurs. Citing to OCGA § 19-11-172 (a), husband contends that the trial court had authority to modify the child support award "pursuant to UIFSA and New Jersey

5

law."[3] Pretermitting whether husband is correct, the trial court's order cites only to the UEFJL and OCGA § 19-6-15 (e) ("Child support guidelines"), and there is no indication that the trial court properly considered husband's petition under the framework of the UIFSA or that it applied New Jersey law when it modified the

---

[3] OCGA § 19-11-172 allows modification of an issuing state's child support order subject to the limitations of OCGA § 19-11-170 ("Modification of child support order of another state"), as follows:

. . .

(c) A tribunal in Georgia may not modify any aspect of a child support order that may not be modified under the law of the issuing state, including the duration of the obligation of support. . . .

(d) In a proceeding to modify a child support order, the law of the state that is determined to have issued the initial controlling order governs the duration of the obligation of support. The obligor's fulfillment of the duty of support established by that order precludes imposition of a further obligation of support by a tribunal of Georgia. . . .

OCGA § 19-11-170 (c), (d). See *Ross v. Ross*, 302 Ga. 39 (805 SE2d 7) (2017) (noting that UIFSA, codified at OCGA 19-11-100 et seq., prohibits Georgia courts from modifying another state's child support order unless specific requirements are met; also concluding that UEFJL is preempted by 28 USC § 1738B as it pertains to request to *modify* child support order, but affirming holding of *Dial*, 265 Ga. App. at 650 (1), that procedures of UIFSA for the *registration and enforcement* of foreign support orders are in addition to and not exclusive to the UEFJL).

duration of child support. Based on the foregoing, we vacate the trial court's order in its entirety, and remand the case to the trial court to reconsider husband's petition under the proper legal standard.

*Judgment vacated and case remanded with direction. Dillard, P. J., and Rickman, J., concur.*