**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 12, 2013**

# In the Court of Appeals of Georgia

A13A0413. MEADOW SPRINGS, LLC v. IH RIVERDALE, LLC et al.

A13A0596. IH RIVERDALE, LLC et al. v. MEADOW SPRINGS, LLC.

McFADDEN, Judge.

The parties to this action have been in litigation for over a decade. The present appeal and cross appeal are from a ruling on claims for slander of title and for tortious interference with business and with contractual relations. Those claims arise out of the filing, earlier in the litigation, of a lis pendens. The trial court rejected the argument that those claims should have been brought as compulsory counterclaims but granted summary judgment, disposing of them on the merits. We affirm.

The following relevant facts were set forth in a prior appeal involving the same parties.

In 2003, appellees[/cross-appellants] IH Riverdale and Geoffrey Nolan, a member of IH Riverdale, filed a complaint against appellant[/cross-appellee] Meadow Springs and others, alleging that certain of IH Riverdale's rights regarding [a real estate deal known as] the Phase II development had been violated. More specifically, the complaint alleged that the defendants had deprived IH Riverdale of its right to invest in the Phase II development and sought specific performance of an alleged option to purchase 50% of the land involved in the Phase II development and the imposition of a constructive trust on the land and profits of that development. After filing that lawsuit, IH Riverdale filed a notice of lis pendens stating that the relief it was seeking involved the Phase II property. IH Riverdale delivered a copy of the lis pendens to Regions Bank, which then declined to fund an approved $9.7 million construction loan. . . . In January 2005, Meadow Springs filed this action against IH Riverdale and Nolan, alleging that they had committed slander of title and [tortious interference with business and contractual relations] against it by filing the lis pendens and delivering it to Regions Bank.

*Meadow Springs, LLC v. IH Riverdale, LLC*, 286 Ga. 701, 702 (1) (690 SE2d 842) (2010).

IH Riverdale and Nolan moved for summary judgment as to Meadow Springs' claims. Although the trial court rejected IH Riverdale and Nolan's argument that Meadow Springs should have brought its claims as compulsory counterclaims in response to the 2003 action, the trial court nevertheless granted them summary judgment based on the finding that there was insufficient evidence to create a genuine

issue of material fact as to malice, an essential element of each of Meadow Springs' claims.

In Case No. A13A0413, Meadow Springs appeals from the trial court's grant of summary judgment; and in Case No. A13A0596, IH Riverdale and Nolan cross-appeal as to the trial court's finding that Meadow Springs' claims were not compulsory counterclaims. Because the trial court correctly found that there is no genuine issue of material fact as to the essential element of malice, we affirm the summary judgment in favor of IH Riverdale and Nolan. We also affirm the trial court's ruling that Meadow Springs' claims were not required to have been brought as compulsory counterclaims because they did not arise out of the same transaction or occurrence as the prior claims brought by IH Riverdale and Nolan.

*Case No. A13A0413.*

1. *Summary judgment.*

Meadow Springs contends that the trial court's grant of summary judgment must be reversed because the trial court erroneously reasoned that Meadow Springs had not pointed to evidence of "actual" malice. However, "[w]e review de novo a trial court's grant of summary judgment. A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be

3

reviewed for error, and not the analysis employed." *Travelers Excess &c. v. City of Atlanta*, 297 Ga. App. 326 (677 SE2d 388) (2009) (citation omitted). Regardless of the propriety of the analysis employed, the trial court correctly concluded that there was no genuine issue of material fact as to malice.

> [T]o prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Cowart v. Widener*, 287 Ga. 622, 623-624 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted). Here, after IH Riverdale and Nolan pointed to an absence of evidence of the essential element of malice, Meadow Springs failed to point to specific evidence giving rise to a triable issue.

a. *Tortious interference with business and with contractual relations.*

Tortious interference with business and with contractual relations are different torts, but they share several essential elements. *Nationsbank v. Southtrust Bank of*

4

*Ga.*, 226 Ga. App. 888, 892 (1) (487 SE2d 701) (1997); *Renden, Inc. v. Liberty Real Estate Ltd. Partnership III*, 213 Ga. App. 333, 334 (2) (444 SE2d 814) (1994). The common elements of tortious interference with business relations and tortious interference with contractual relations are that "the defendant: (1) acted improperly and without privilege; (2) acted purposefully and maliciously with the intent to injure; (3) induced a third party not to enter into or continue a business relationship with the plaintiff; and (4) caused the plaintiff some financial injury." *Nationsbank*, supra (citation omitted).

In moving for summary judgment, IH Riverdale and Nolan pointed to a lack of evidence as to the element of malice with intent to injure, and they also cited Nolan's affidavit, averring that the filing of the notice of lis pendens and its delivery to the bank were done with a good faith intent to protect business interests and were not made with any ill will toward Meadow Springs. After the appellees carried their burden of pointing to an absence of evidence, "appellant [Meadow Springs] was required to go forward and point to specific evidence giving rise to a triable issue as to the element of malice with intent to injure." *Renden*, supra at 335 (2) (a) (citation omitted). However, Meadow Springs did not do so, and instead rested on conclusory allegations concerning the appellees' filing of its complaint and the notice lis

pendens, and its delivery of copies of those and other documents to the bank. "Conclusory allegations by the plaintiff of conspiracy and malice are insufficient – in the absence of substantiating fact[s] or circumstances – to raise a material issue for trial." *Johnson v. Auto/Mend, Inc.*, 183 Ga. App. 311, 312 (359 SE2d 10) (1987) (citation and punctuation omitted). Accordingly, summary judgment was justified as to the tortious interference with business and contractual relations claims.

b. *Slander of title.*

Under OCGA § 51-9-11, "[t]he owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." As with the tortious interference claims discussed above, Meadow Springs relies on the same conclusory allegations and has "presented no proof that appellee[s] acted with malice in filing [the notice of lis pendens or in delivering it to the bank]." *Harmon v. Cunard*, 190 Ga. App. 19, 20 (378 SE2d 351) (1989). See also *Roofing Supply of Atlanta v. Forrest Homes*, 279 Ga. App. 504, 508 (3) (632 SE2d 161) (2006) (false lien may support a cause of action for defamation of title under OCGA § 51-9-11, but claimant must be aware of falsity of statements in lien).

*Case No. A13A0596.*

2. *Compulsory counterclaims.*

IH Riverdale and Nolan argue that the trial court erred in failing to hold that Meadow Springs' claims for slander of title and tortious interference with contractual and business relations were compulsory counterclaims that should have been asserted along with Meadow Springs' answer to the 2003 complaint filed by IH Riverdale and Nolan. The argument is without merit.

OCGA § 9-11-13 (a), which governs compulsory counterclaims, provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

And as previously explained, this court

> has given clear guidelines for determining whether a claim qualifies as a compulsory counterclaim: If a claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, such claim must be asserted as a compulsory counterclaim. The broad test to be applied in determining whether a counterclaim is compulsory is whether a logical relationship exists between the respective claims asserted by the opposing parties. In making this determination, we look to see whether judicial economy and fairness dictate that all the issues be resolved in one lawsuit. A logical relationship arises when (1) the same aggregate or operative facts serve as the basis for both claims, or (2) the case facts supporting the original claim activate legal rights of the defendant that would otherwise remain dormant.

7

*Metro Brokers v. Sams & Cole, LLC,* 316 Ga. App. 398, 400 (1)(b) (729 SE2d 540) (2012) (citations omitted).

In this case, Meadow Springs' claims were premised on the filing of the notice of lis pendens and delivery of a copy of the lis pendens to the bank. Those acts occurred *after* IH Riverdale and Nolan had filed their 2003 complaint, which was premised on allegations that their rights regarding the Phase II development had been violated. Therefore, the same operative facts did not serve as the basis for both the 2003 complaint filed by IH Riverdale and Nolan and the 2005 complaint filed by Meadow Springs, nor did the facts supporting the 2003 claim activate the legal rights of Meadow Springs. Accordingly, the trial court correctly ruled that Meadow Springs' claims were not compulsory counterclaims to the 2003 complaint.

*Judgments affirmed. Doyle, P. J., and Boggs, J., concur.*

8