**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 20, 2014**

# In the Court of Appeals of Georgia

A13A2466. BATTLEFIELD INVESTMENTS, INC. v. THE CITY
     OF LAFAYETTE.

MCFADDEN, Judge.

Battlefield Investments, Inc., filed a complaint against the City of Lafayette, claiming that the city's negligent operation of its sewer system caused damage to a building owned by Battlefield when the sewer system backed up and overflowed into the building. The city answered, asserting, among other things, sovereign immunity and a denial of negligence. The city moved for summary judgment, and the trial court granted the motion. Battlefield appeals, challenging the trial court's grant of summary judgment to the city and its denial of a motion to recuse. Because there exist no genuine issues of material fact as to the city's negligence and the motion to recuse was untimely, we affirm.

1. *Summary judgment.*

Battlefield challenges the trial court's summary judgment ruling on two grounds, arguing that the city is not protected by sovereign immunity and that it is negligent under the doctrine of res ipsa loquitur. We note that the trial court did not indicate in its order the precise basis for its summary judgment ruling. But because there exist no genuine issues of material fact as to negligence, we affirm on that basis and need not address the sovereign immunity issue. "A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed." *Travelers Excess & Surplus Lines Co. v. City of Atlanta*, 297 Ga. App. 326 (677 SE2d 388) (2009) (citation omitted).

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9–11–56 (c). We review a grant of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003). So construed, the evidence shows that Battlefield owns a commercial building located at 501 Mize Street in Lafayette, Georgia. On September 21, 2009, torrential rainfall in Lafayette caused

flash flooding in the area. The National Weather Service's flood warning described it as a "flooding event . . . of historic proportions." Battlefield's building flooded when water and sewage backed up through the toilets, overflowing and causing damage to the building.

The city asserts that Battlefield has produced no evidence of any negligence on its part, and that the evidence instead shows that the overflow was caused by the historic flooding. The city points to deposition testimony establishing that the manhole covers near the Battlefield building were completely submerged in water due to the flooding, that there was nothing the city could have done to prevent infiltration of rainwater when the manhole covers were submerged, and that infiltration into the sewer line can cause backflow from the sewer into toilets. The city also cites undisputed evidence that the only incident of a sewage backup at the Battlefield property occurred on the date of the flood, there having been no such incidents either before or after the flood. Moreover, Battlefield acknowledges that there were no other complaints about sewage backup on any other property in the city.

Battlefield has pointed to no evidence in the record showing negligence by the city, and instead relies on the doctrine of res ipsa loquitur. That reliance is misplaced.

3

Res ipsa loquitur is a rule of evidence to be applied in cases where there is no evidence of consequence showing negligence on the part of the defendant. The doctrine authorizes, but does not require, the jury to infer facts from the circumstances in which the injury occurred, thereby filling the evidentiary gap. Res ipsa loquitur is authorized where (1) the injury is of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Aderhold v. Lowe's Home Ctrs.*, 284 Ga. App. 294, 295 (643 SE2d 811) (2007) (citation omitted). The doctrine of "[r]es ipsa loquitur should be applied with caution and only in extreme cases, and is not applicable when there is an intermediary cause which could have produced the injury. [Cits.]" Id.

In this case, as discussed above, there is evidence that the alleged injury was produced by the intermediary cause of the flooding event of historic proportions. Moreover, there is evidence in the record, and Battlefield acknowledged at the summary judgment hearing, that there is a valve that it could have installed on its property that would have prevented the backflow incident. "Under such circumstances, the second [and third] element[s] of res ipsa loquitur [are] not satisfied and the doctrine does not apply." Id.

A defendant moving for summary judgment may demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law

4

by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Cowart v. Widener*, 287 Ga. 622, 623–624 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted). Here, the city pointed out by reference to the record that there is an absence of evidence to support the essential element of negligence. Battlefield has failed to point to specific evidence giving rise to a triable issue, and therefore the trial court did not err in granting summary judgment to the city. See *Meadow Springs, LLC v. IH Riverdale, LLC*, 323 Ga. App. 478, 479-480 (1) (747 SE2d 47) (2013).

2. *Motion to recuse.*

Battlefield claims the trial court erred in denying a motion for recusal of the judge based on comments he had made in another case involving counsel for Battlefield. However, a motion to recuse, accompanied by supporting affidavits, must be filed no later than five days after the affiant first learned of the alleged grounds for

5

disqualification. *Long v. State*, ___ Ga. App. ___ (5) (752 SE2d 54) (2013). Uniform Superior Court Rule 25.3 provides that "[w]hen a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge . . . shall immediately determine the timeliness of the motion[.]" *Crosbie v. State*, 304 Ga. App. 613, 614 (1) (697 SE2d 278) (2010). Here, the alleged statements were made on June 13, 2012, in an unrelated criminal case, and Battlefield's counsel stated in his affidavit that he learned of the comments on June 22, 2012. But the motion to recuse was not filed within five days of that date. Rather, it was filed months later, on November 26, 2012, and counsel has made no showing of good cause for the late filing. "Because the motion to recuse was untimely, the trial court did not err by denying it. [Cit.]" *Long*, supra.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*