300 Ga. 559
FINAL COPY

S16A1677.  BROWN v. BROWN.

BENHAM, Justice.

Appellant Wife appeals an adverse judgment in an action for contempt. The record shows Wife and appellee Husband were divorced on June 20, 2011.  Neither party was represented by counsel during the divorce.  The final divorce decree is a perfunctory, one-page form document which incorporates a form separation agreement that was signed by both parties and notarized.  Husband testified he obtained the form documents from the Internet.  The separation agreement is not fully filled in and/or marked where appropriate;[1] but it purports to require Husband to pay $513 per month as alimony and $647 as child support.[2]  In addition to the final decree and separation agreement, the record also contains an unsigned, two-page typed document, drafted by Husband, which was filed with the trial court on May 10, 2011, at approximately the same time the separation agreement was executed.  This document states that the parties "wish" to hold onto the

---

[1] Numerous times in the document, there is a selection indicated as "[Husband/Wife]," but a selection is not made.

[2] The parties have conceded that it is Husband who is required to make the alimony and child support payments to Wife.

marital home until the economy improves, that Wife will occupy the home, and that the combined alimony and support payment is of sufficient amount to pay the mortgage on the home. This document is not referenced by or incorporated into the final decree of divorce.

Upon the finalization of their divorce, Husband made his alimony and child support payments by depositing the money into a joint bank account accessible by both parties. Husband testified he made withdrawals from the account to pay the mortgage on the marital home.[3] Husband, however, stopped making mortgage payments sometime after the divorce was finalized,[4] the bank foreclosed on the marital home in February 2015, and Wife was evicted therefrom.

Wife filed the instant contempt action on May 15, 2015,[5] alleging Husband was required to make the alimony and child support payments to her directly, rather than by depositing the money into the joint bank account. The trial court found that between June 29, 2011, and May 29, 2015,

---

[3] While documents in the record show Husband made withdrawals from the joint account, there is no documentation showing said withdrawals were used to pay the mortgage, although Husband testified as such.

[4] There is no evidence in the record as to when Husband stopped paying the mortgage on the marital home.

[5] Wife filed an amendment to her motion for contempt on May 29, 2015. The trial court held a hearing on the motion, as amended, on June 4, 2015.

Husband deposited a total of $59,459.52 into the account; and between September 30, 2011, and March 12, 2015, Wife withdrew from the account a total of $6,277. The trial court also found that, based on the separation agreement attached to the divorce decree, Husband's combined alimony and child support obligation was $55,680 for the time period from June 1, 2011, to June 1, 2015. The trial court declined to hold Husband in contempt, determining that the documents filed in the divorce did not require Husband to make his support payments directly to Wife, that the two-page typed document was not a part of the divorce decree and that, even if that document was a part of the divorce decree, it was too vague to be enforceable. The trial court determined that the two-page typed document did not obligate Husband to pay the mortgage. In addition, since the minor child was no longer living with Wife and was in Husband's custody, the trial court held that Husband's child support payments were to be immediately extinguished. Finally, the trial court denied Wife's request for attorney fees and request for consequential damages stemming from her eviction from the marital home upon foreclosure.

Wife's main assertion of error is that Husband should have been held in wilful contempt because he failed to pay the alimony and the child support

payments to her directly, but rather deposited the payments into the parties' joint bank account. This argument was rejected by the trial court, and we discern no error. "Trial courts have 'broad discretion' in ruling on a motion for contempt, and the trial court's ruling will be affirmed on appeal if there is any evidence in the record to support it." (Citations omitted.) Killingsworth v. Killingsworth, 286 Ga. 234 (3) (686 SE2d 640) (2009). Neither the divorce decree nor the separation agreement prohibited Husband from depositing his alimony and child support payments into a joint bank account. In fact, both documents are silent as to the manner by which the payments are to be made. Furthermore, Wife admitted she had access to the joint bank account, and the record shows she made withdrawals from the account, as well as made at least one deposit. Thus, the trial court did not err when it determined Husband was not in wilful contempt of the final divorce decree.

It appears the parties made informal agreements outside of the divorce decree and separation agreement as to how the money in the joint account would be spent — i.e., using the money to pay the mortgage on the marital home.[6] Those informal agreements, however, do not support a contempt

[6] Nothing in the parties' divorce decree or separation agreement required Husband to pay the mortgage on the marital home. The two-page typed document, which was not part of the final decree, merely stated an aspiration of the parties that they wanted to maintain the marital home until it could be sold in a favorable housing market. Wife lived in the house for almost four years before it was foreclosed.

action inasmuch as no violation of the final order of divorce and incorporated separation agreement has been shown.[7]  The trial court found that Husband paid the full amounts of his child support and alimony obligations under the order, and Wife has not shown otherwise.  Accordingly, we affirm the trial court's judgment that Husband was not in wilful contempt of the final decree of divorce and separation agreement.[8]

The trial court did err, however, when it extinguished Husband's child support obligation.  A trial court cannot modify a divorce decree in a contempt action, whether or not the trial court holds a spouse in contempt.  See Killingsworth, 286 Ga. at 236 (2) ("[A] trial court has no power to modify the terms of a divorce decree in a contempt proceeding.").  See also Pollard v. Pollard, 297 Ga. 21, 22 (771 SE2d 875) (2015) ("It is well settled that a court may not modify a divorce decree in a contempt order….").  Therefore, that portion of the trial court's judgment is reversed.

Judgment affirmed in part and reversed in part.  All the Justices concur.

---

[7] Thus the trial court did not err when it did not award Wife the expenses or "consequential damages" she incurred upon being evicted from the marital home.

[8] We accordingly affirm the trial court's denial of an award of attorney fees.

5

Decided January 23, 2017 – Reconsideration denied February 27, 2017.

Domestic relations. Effingham Superior Court. Before Judge Peed.

Charles C. Grile, for appellant.

Melissa M. Calhoun, Claude M. Kicklighter, Jr., for appellee.