**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 26, 2026**

# In the Court of Appeals of Georgia

A25A2140. HICKS v. CITY OF ALBANY.

RICKMAN, Presiding Judge.

Edwin Hicks appeals the trial court's order granting the City of Albany's motion to dismiss his negligence action against the City for injuries he sustained when he stepped on a stormwater drainage intake lid in his yard, the lid dislodged, and he fell into the stormwater drainage system. He contends that the trial court erred in concluding that his ante litem notice to the City was insufficient. For the reasons set forth below, we affirm.

Our review of the grant of a motion to dismiss a complaint is de novo. *Picklesimer v. City of Eatonton*, 356 Ga. App. 504, 504 (847 SE2d 863) (2020). "In lawsuits against municipal corporations, the giving of the ante litem notice in the

manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim." *Hall v. City of Blakely*, 361 Ga. App. 135, 136 (863 SE2d 393) (2021) (punctuation omitted).

The issue on appeal is whether Hicks's ante litem notice sufficiently identified the negligence that caused the injury, as required by OCGA § 36-33-5(b). Hicks's ante litem notice to the City stated, in pertinent part:

> On or about August 12, 2024, Mr. Hicks was mowing his lawn at 1610 Whispering Pines Road, Albany, Georgia when he stepped onto the corner of a stormwater drain . . . intake lid, owned and maintained by the City of Albany, and it dislodged causing him to fall into the intake system . . . . When Mr. Hicks' fall stopped, he could barely see above the edge. Mr. Hicks had to pull his six foot four inch, three-hundred-pound frame out of the stormwater drain by the sheer force of will. As a result, Mr. Hicks suffered injuries to his back, both knees, right wrist, and a complete shoulder dislocation . . . . The purpose of this letter is to comply with the ante litem notice requirements . . . . While our investigation is still ongoing, the specific dollar amount sought by my client for his injuries is One Million and 00/100 Dollars ($1,000,000.00). If you contend this letter does not provide you with sufficient notice pursuant to OCGA § 36-33-5, or comply with said

statute, please advise me immediately in writing, and we will correct any deficiencies.[1]

When the City failed to respond to his notice, Hicks filed suit, alleging negligence by the City in numerous respects. The City moved to dismiss the complaint based on Hicks's failure to provide proper ante litem notice. The trial court granted the City's motion, concluding that Hicks's ante litem notice failed to describe the negligence that caused his injuries and rejecting Hicks's alternative argument that he was not required to describe the City's negligence because the doctrine of res ipsa loquitur was applicable. This appeal followed.

Prior to filing a suit against a municipality for personal injury or property damage, a claimant must provide written notice of the claim "to the governing authority of the municipal corporation," and such notice must include "the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury." OCGA § 36-33-5(b). We recognize that "the ante litem notice provision of OCGA § 36-33-5 is in derogation of common law, which did not require pre-suit notice, [and that it] it must be strictly construed and not extended beyond its

---

[1] The notice states that photographs of the stormwater drainage intake are attached, but no such photographs are included in the appellate record.

plain and explicit terms." *West v. City of Albany*, 300 Ga. 743, 745 (797 SE2d 809) (2017). In addition, substantial compliance with the requirements imposed by OCGA § 36-33-5(b) is all that is required. *Wallace v. City of Atlanta*, 368 Ga. App. 260, 264(1) (889 SE2d 438) (2023); see also *Fleureme v. City of Atlanta*, 322 Ga. 180, 186(2)(b) (917 SE2d 593) (2025) (recognizing precedent establishing that "substantial compliance with the municipal ante litem notice statute is all that is required") (punctuation omitted).

The ante litem notice, however, must provide sufficient information "to enable the municipality to conduct an investigation into the alleged injuries and determine if the claim should be settled without litigation." *Davis v. City of Forsyth*, 275 Ga. App. 747, 748(1) (621 SE2d 495) (2005). And "where the notice fails to identify what alleged negligence on the part of the municipality caused the incident forming the basis for the plaintiff's claim," the notice is not sufficiently definite "to enable the municipality to inquire into the alleged injuries and determine whether the claim shall be adjusted without suit." *Wallace*, 368 Ga. App. at 264(1) (punctuation omitted). See *Colvin v. City of Thomasville*, 269 Ga. App. 173, 174-75(1) (603 SE2d 536) (2004) (recognizing that substantial compliance standard requires that ante litem notice

4

contain a statement identifying what alleged negligence on the part of the city caused the incident); see also *West*, 300 Ga. at 746 (statutory language requiring claimant to state "the negligence which caused the injury" makes clear "that the municipal ante litem statute contemplates an injury sustained as a result of a negligent act or omission").

In this case, Hicks argues that his notice complied with the statutory requirements. His notice stated that he fell when he stepped on the stormwater drainage intake lid, which he stated was owned and maintained by the City, but he did not indicate what negligence on the part of the City he alleged caused his injuries. And despite Hicks's counsel's request that the City notify her if the notice failed to comply with the requirements of OCGA § 36-33-5, nothing in the statute imposes such an obligation on the City. *Pickens v. City of Waco*, 352 Ga. App. 37, 44(2)(a) (833 SE2d 713) (2019). Under the circumstances, the trial court did not err in concluding that the notice failed to comply with OCGA § 36-33-5(b). Compare *Wallace*, 368 Ga. App. at 265(1) (upholding trial court's determination that ante litem notice failed to substantially comply with OCGA § 36-33-5(b) when it contained no allegations of negligence by the city) and *City of Moultrie v. Price*, 310 Ga. App. 672, 673 (713 SE2d

880) (2011) (finding that plaintiff failed to substantially comply with ante litem statute requirements when none of the information sent to the city's insurer indicated that the incident was caused by the city's negligence) with *Columbus v. Preston*, 155 Ga. App. 379, 380(1) (270 SE2d 909) (1980) (concluding that ante litem notice sufficiently described city's negligence in causing personal injuries when plaintiff's car overturned on a road "without adequate warning signs and protective barriers") and *City of Atlanta v. Hawkins*, 45 Ga. App. 847, 850 (166 SE 262) (1932) (concluding that ante litem notice sufficiently stated the negligence that caused the damages claimed where the notice stated, "plaintiff was injured on May 14, 1931, by stepping on a lid of a water meter on the east side of North Boulevard just a few feet north of Greenwood Avenue, and that this lid was defective and gave way, causing her injuries").

Alternatively, Hicks argues that it was not necessary for him to provide specific detail about what alleged negligence by the City caused his injuries because the doctrine of res ipsa loquitur applies.[2] We disagree.

---

[2] In his initial brief on appeal, Hicks cited two cases we could not locate, either by case name or citation. Those cases are *Knight v. Pierson, Inc.*, 206 Ga. App. 514 (1992), and *City of LaGrange v. Bolden*, 261 Ga. 77 (1991). Although the City pointed out the inaccurate citation to the *Knight* case in its response brief, Hicks did not provide an explanation as to the cause of these fake case citations until this Court issued an order requiring Hicks to do so. Because counsel for Hicks has now taken

6

> Res ipsa loquitur is a rule of evidence to be applied in cases where there is no evidence of consequence showing negligence on the part of the defendant. The doctrine authorizes, but does not require, the jury to infer facts from the circumstances in which the injury occurred, thereby filling the evidentiary gap.

*Battlefield Invs. v. City of Lafayette*, 326 Ga. App. 405, 406(1) (756 SE2d 639) (2014) (punctuation omitted). "In other words, the principal basis for application of the rule is that the occurrence involved would not have occurred but for negligence, and this negligence may properly be charged to the person in exclusive control of the instrumentality." *Matthews v. Yoplait USA, Inc.*, 352 Ga. App. 591, 594 (835 SE2d 393) (2019) (punctuation omitted).

The elements of res ipsa loquitur are well settled: (1) the injury is of a type that ordinarily does not occur in the absence of someone's negligence; (2) the injury must be caused by an agency or instrumentality within the defendant's exclusive control; and (3) the injury must not have been caused by any voluntary action or contribution

responsibility and apologized for her actions in citing to nonexistent cases, which she believes came from an AI platform, we decline to issue sanctions. We recognize, however, that this troubling practice has become far too common and caution the bar that the failure to ensure the accuracy of filings in this Court may subject counsel to sanctions. See, e.g., *Shahid v. Esaam*, 376 Ga. App. 145, 149-50(1) (918 SE2d 198) (2025); Court of Appeals Rule 7.

on the part of the plaintiff. *Battlefield Invs.*, 326 Ga. App. at 406(1). The doctrine "should be applied with caution and only in extreme cases." Id. (punctuation omitted).

Pretermitting whether the doctrine of res ipsa loquitur could be utilized to satisfy the negligence component of the ante litem notice requirements, in this case, the second element of the doctrine was not met because the stormwater drainage intake lid located in Hicks's yard was not within the City's exclusive control. See generally *National Surety Corp. v. Georgia Power Co.*, No. 2:17-CV-68-RWS, slip op. at 7 (N.D. Ga. Sept. 12, 2019) (2019 WL 4394403) (barn's electric meter was not in the exclusive control of Georgia Power); *Westmoreland v. Walgreen Co.*, 362 Ga. App. 119, 122 (866 SE2d 832) (2021) (six-pack of beer was not in Walgreens's exclusive control because package was within reach of other customers); *Williams v. American Med. Systems*, 248 Ga. App. 682, 685(2) (548 SE2d 371) (2001) (implanted inflatable penile prosthesis was not under the exclusive control of the manufacturer).

Thus, the trial court did not err in concluding that the doctrine of res ipsa loquitur is inapplicable here, and Hicks was not relieved of the obligation to describe the negligence that caused him injury.

*Judgment affirmed. Gobeil and Davis, JJ., concur.*