**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 9, 2026**

# In the Court of Appeals of Georgia

A25A2100. SLAY v. ROSS.

MARKLE, Judge.

In this modification of custody and contempt case, Everett B. Slay appeals from several orders of the trial court.[1] On appeal, Slay contends that the trial court erred by granting Stacie Ross's motion to modify visitation without a showing of any material change in circumstances, denying his motion to hold Ross in contempt, awarding attorney fees to Ross in violation of OCGA § 19-6-2, and denying Slay's motions to recuse. Finding no error, we affirm.

---

[1] Because this appeal involves a modification of child custody, we have jurisdiction over this direct appeal. See *Voyles v. Voyles*, 301 Ga. 44, 45 (799 SE2d 160) (2017); OCGA § 5-6-34(a)(11), (d).

Before addressing the merits of the case, we are troubled by certain irregularities in the brief filed on Slay's behalf by his attorney, Loletha Hale. We note that several of the cases cited therein appear to be fictitious.[2] Such "hallucinated" cases are typically a hallmark of the irresponsible use of regenerative artificial intelligence (A.I.) in legal drafting. See *Shahid v. Esaam*, 376 Ga. App. 145, 146(1) (918 SE2d 198) (2025). Although we can only surmise that the brief was drafted with the use of unchecked generative A.I., we are aware that Hale has submitted a brief with seemingly similar defects in federal district court. See *Boston v. Williams*, No. 1:23-CV-00752-WMR (ND Ga. Dec. 5, 2025) (2025 WL 3895555). However, Ross has not complained, nor does it appear that the fictitious cases impeded her ability to respond to Slay's arguments. Compare *Shahid*, 376 Ga. App. at 147(1) (finding the use of bogus cases and citations in appellate brief "deprived the opposing party of the opportunity to appropriately respond"). And, we are unaware of the imposition of any sanctions against Hale for similar conduct in this Court. We thus caution Hale that any future filings in this Court containing fictitious cases and citations may result in

---

[2] Slay's brief purports to cite to these following cases: *Waller v. Waller*, 288 Ga. 164, 164-165 (2010); *Johnson v. Johnson*, 286 Ga. 720, 721 (2010); *Durden v. Barron*, 287 Ga. 858 (2010); and *In re Waitz*, 255 Ga. 474 (1986), none of which actually exist.

the imposition of sanctions against her. See *Shahid*, 376 Ga. App. at 149(1); Court of Appeals Rule 7(e)(2) ("The panel of the Court ruling on a case, with or without motion, may by majority vote to impose a penalty not to exceed $10,000 against any party and/or a party's counsel in any civil case in which there is a direct appeal, application for discretionary appeal, application for interlocutory appeal, or motion that is determined to be frivolous.").

Turning now to the merits of the case, "we view the evidence in the light most favorable to upholding the trial court's order." *Granados v. Newsome*, 373 Ga. App. 859 (910 SE2d 341) (2024).

So viewed, the record shows that Slay and Ross were divorced in 2013 and are the parents of a minor child. Ross was granted primary physical custody of the child, and the parties shared joint legal custody. The record reflects a contentious and litigious history between the parties. In 2015, the trial court ordered Ross to reimburse Slay for his child support payments for the months of June and July, as Slay was entitled to summer visitation during those months under the custody schedule. In 2016, the trial court held Ross in wilful contempt for, among other things, refusing to

allow Slay to exercise certain of his visitation rights under the divorce decree. In 2018, the trial court ordered certain modifications to the visitation schedule.

Pertaining to the case at hand, in 2022, Slay moved for a downward modification of his child support payments. Slay then amended his petition, seeking to increase the amount of his visitation time during spring break and certain holidays. In response, Ross requested a reduction in Slay's visitation time. Following a hearing, the trial court denied Slay's petition for modification of his child support payments and visitation time, while granting Ross's request to reduce Slay's summer visitation time. The trial court awarded Ross attorney fees under OCGA §§ 19-6-15(k)(5) and 19-9-3(g) as to these claims.

Contemporaneous with his petition to modify child support and visitation, Slay filed a petition for contempt, alleging Ross had failed to reimburse him for his summer child support payments, as previously ordered. This petition was consolidated and addressed at the same hearing as the preceding petition. The trial court denied Slay's petition for contempt. Ross moved for attorney fees under OCGA § 9-15-14(b), which the trial court granted, concluding that the petition lacked substantial justification because Slay had not paid child support for the summer months.

Additionally, the trial court granted Ross's motion to hold Slay in wilful contempt for his failure to comply with an earlier order of the court compelling him to respond to discovery requests. On this basis, the trial court awarded Ross attorney fees under OCGA § 9-11-37(b)(2).

Finally, Slay filed three motions to recuse the trial judge, all of which were denied. This appeal followed.

1. Slay first contends that the trial court erred in modifying his visitation rights where there was no showing of a material change in circumstances. We disagree.

Slay cites to OCGA § 19-9-3(b), but that statute places no such restriction on the trial court under the circumstances of this case.[3] Rather, that statute provides:

> In any case in which a judgment awarding the custody of a child has been entered, on the motion of any party or on the motion of the judge, that portion of the judgment effecting visitation rights between the parties and their child or parenting time may be subject to review and modification or alteration *without the necessity of any showing of a change in any material conditions and circumstances of either party or the child*, provided that the review and modification or alteration shall not be had

---

[3] Slay misstates the holding of *Bodne v. Bodne*, 277 Ga. 445 (588 SE2d 728) (2003). That opinion has no bearing on the case at hand as it specifically dealt with "what weight should be given a custodial parent's move to another state in an action seeking a change in primary physical custody." Id. at 446.

more often than once in each two-year period following the date of entry of the judgment.

OCGA § 19-9-3(b) (emphasis added).

The record reflects that the last order of the court affecting visitation rights issued in 2018, more than two years prior to the judgment at issue here. Accordingly, the trial court was not required to determine there was a material change in circumstances prior to modifying visitation, and Slay's argument fails. See *Spirnak v. Meadows*, 355 Ga. App. 857, 861(1) (844 SE2d 482) (2020); OCGA § 19-9-3(b).

2. Slay next argues that the trial court erred by denying his motion to hold Ross in contempt for failing to comply with the court's previous order to reimburse his child support payments when he exercised his visitation rights during the summer months. Again, we disagree.

As we have explained, "[t]he essence of civil contempt is willful disobedience of a prior court order." *Saravia v. Mendoza*, 303 Ga. App. 758, 763(2) (695 SE2d 47) (2010) (citation modified). "Trial courts have broad discretion in ruling on a motion for contempt, and the trial court's ruling will be affirmed on appeal if there is any evidence in the record to support it." *Brown v. Brown*, 300 Ga. 559, 560 (796 SE2d

269) (2017) (citation modified); *Pate v. Pate*, 280 Ga. 796, 798(3) (631 SE2d 103) (2006).

Here, the underlying order directed Ross to reimburse Slay the amount of his child support payments she received from him for the months of June and July. However, at the hearing, she testified that she never received child support from Slay in those months. And, Slay confirmed that he had not paid child support for those months. Thus, there was record evidence supporting the trial court's denial of Slay's contempt motion. See *Brown*, 300 Ga. at 560; *Wright v. Wright*, 367 Ga. App. 15, 22(1) (884 SE2d 610) (2023) (reversing contempt judgment where there was no evidence father wilfully disobeyed child support order). To the extent there was any conflicting evidence, it was for the trial court to resolve, and we will not interfere with its ruling. *Pate*, 280 Ga. at 798(4) ("A trial court in a contempt action acts as the trier of fact, and is vested with broad discretionary power when the evidence is conflicting.").

3. Slay next contends the trial court erred in awarding attorney fees against him under OCGA § 19-6-2 because it failed to consider the parties' financial circumstances, and under OCGA § 9-15-4(b) because there was no evidence of frivolous conduct on his part. This enumeration of error is unavailing.

(a) The trial court awarded attorney fees to Ross pursuant to OCGA §§ 19-6-15, 19-9-3, 9-11-37, and 9-15-14(b). Nevertheless, Slay contends the trial court was required to consider the parties' financial circumstances as if it awarded attorney fees under OCGA § 19-6-2.[4]

19-6-2(a)(1) authorizes an award of attorney fees for actions "for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case."

Because this action is not for alimony, divorce, or contempt for noncompliance with the original divorce decree,[5] OCGA § 19-6-2 does not apply, and the trial court was not required to consider the relative financial circumstances of the parties. See *Spirnak*, 355 Ga. App. at 871(7)(a) (statute does not apply to petition for modification of custody); *Claybrooks v. Claybrooks*, 364 Ga. App. 157, 160(2)(b) (874 SE2d 190) (2022) (statute does not apply to contempt action involving a consent order modifying

---

[4] The trial court's order briefly mentions OCGA § 19-6-2, but when the order is viewed in its entirety, it is clear the trial court mistakenly named this statute in place of OCGA § 19-6-15(k)(5). Pursuant to OCGA § 9-11-60(g), the trial court may correct this error upon the return of the remittitur.

[5] The order addresses the parties' contempt motions for violations of an order compelling discovery and for violations of orders entered in 2015 and 2018 — not the original divorce decree.

8

custody, visitation, and child support rights); *Cothran v. Mehosky*, 286 Ga. App. 640, 641 (649 SE2d 838) (2007). Slay's argument to this effect is thus misguided.[6]

(b) Slay argues that the record does not support the trial court's award of fees under OCGA § 9-15-14(b). This argument is baseless.

> Under OCGA § 9–15–14(b), a court may assess reasonable and necessary attorney fees and expenses of litigation if it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification, i.e., was substantially frivolous, groundless, or vexatious. A decision under OCGA § 9–15–14(b) must be sustained unless the trial court abused its discretion

*Glaza v. Morgan*, 248 Ga. App. 623, 624 (548 SE2d 389) (2001) (quotation marks omitted).

Here, the trial court concluded that Slay's contempt action for reimbursement of child support payments for the summer months lacked substantial justification pursuant to OCGA § 9-15-14(b) because the overwhelming evidence showed that he did not pay child support for the months he sought reimbursement. The trial court found that Slay's claim for additional parenting time also merited an award of attorney

---

[6] To the extent Slay contends that the trial court improperly based its fee award on a petition he had previously withdrawn, he fails to point to any such withdrawal in the record. Our review of the hearing transcripts contradicts this claim.

fees under OCGA § 9-15-14(b) because the evidence showed that Slay had voluntarily forfeited a considerable amount of parenting time in the past years.[7] Notably, Slay points to no evidence of record to challenge either of the trial court's findings. Having reviewed the record, we cannot say the trial court abused its discretion in sanctioning Slay under OCGA § 9-15-14(b). See generally *Carson v. Carson*, 277 Ga. 335, 336(2) (588 SE2d 735) (2003) (record supported trial court's award of fees under OCGA § 9-15-14(b)).

4. Finally, Slay argues the trial court erred by refusing to recuse from the case. We discern no error.

In pertinent part, Uniform Superior Court Rule (USCR) 25.3 provides:

> When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted.

---

[7] The trial court also found an award of attorney fees under OCGA § 9-15-14(a) was warranted on this ground, but, ultimately, did not award fees pursuant to this provision.

To be timely, the recusal motion must be filed "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification." USCR 25.1. With regard to the affidavit requirements, USCR 25.2 provides:

> The affidavit shall clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements, which demonstrate either bias in favor of any adverse party, or prejudice toward the moving party in particular, or a systematic pattern of prejudicial conduct toward persons similarly situated to the moving party, which would influence the judge and impede or prevent impartiality in that action. Allegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings.

We review de novo a trial court's denial of a motion to recuse for failure to meet the USCR 25.3 requirements. *Mayor & Aldermen of City of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 119(1) (728 SE2d 189) (2012).

Here, Slay filed an emergency motion to recuse the senior judge presiding over this matter in August 2023, on the first day of hearings. He attached an unsworn

11

"declaration" of his counsel, alleging, inter alia, the judge was biased against her and her clients based on prior adverse rulings and racial prejudice, and due to a grievance she filed against the judge with the Judicial Qualifications Committee (JQC).[8] The trial court deemed this motion timely because Slay could not have known prior to that date of the senior judge assignment. See USCR 25.1 (trial court may extend time limit for filing motion upon showing of good cause for the delay). Nevertheless, the trial court correctly denied the motion because Slay failed to attach a sworn affidavit. See *Post v. State*, 298 Ga. 241, 247(2)(b) (779 SE2d 624) (2015) *(*"The Uniform Superior Court Rules could not be clearer in their requirement that the motion be accompanied by an affidavit.") (quotation marks omitted); *Oduok v. Fulton Dekalb Hosp. Auth.*, 340 Ga. App. 205, 212-213(3) (797 SE2d 133) (2017) (unsworn "declaration was legally insufficient to satisfy Rule 25"); USCR 25.1, 25.2.

Slay then filed substantially the same motion to recuse the senior judge in June 2024, again alleging that the judge's prior adverse rulings in cases involving his counsel, as well as the JQC grievance filed by his counsel, were evidence of the judge's bias against him. Additionally, his counsel opined that the judge suffered from

---

[8] The judge stated on the record that he was not aware of the JQC grievance.

12

dementia.[9] The trial court correctly denied this motion because Slay again violated the procedural requirements of Rule 25 by failing to attach a sworn affidavit to the motion. *Oduok*, 340 Ga. App. at 212-13(3); USCR 25.1, 25.2.

Later that same month, Slay filed a third motion, now seeking the permanent recusal of the judge based on substantially the same reasons as the prior two motions. Slay attached a sworn affidavit to this motion, in compliance with USCR 25.1 and 25.2. However, the trial court deemed the motion untimely because it had not been filed within five days "after [the affiant] first learned of the alleged grounds for disqualification." Indeed, all of the grounds alleged in the motion and affidavit to show bias occurred well beyond the five-day limitation period.[10] And counsel's

---

[9] Counsel states that this diagnosis is based solely on her "personal and professional" opinion, and is thus unfounded.

[10] In her affidavit, Slay's counsel surmises that the trial court and opposing counsel engaged in improper ex parte communications because the trial court used opposing counsel's proposed order in denying the second motion to recuse — entered just days before the third motion was filed. But, "[a]llegations consisting of bare conclusions and opinions that the assigned judge is biased or prejudiced for or against a party, USCR 25.2, are not legally sufficient to support a recusal motion or to justify forwarding the motion for decision by another judge." *Mondy v. Magnolia Advanced Materials*, 303 Ga. 764, 767(2) (815 SE2d 70) (2018). Moreover, the motion to recuse must be based on extra-judicial acts, and therefore cannot be based on the issuance of an order. *Echols v. Echols*, 281 Ga. 546, 548(1)(a) (640 SE2d 257) (2007); USCR 25.2.

affidavit makes no showing to establish good cause for the late filing. See USCR 25.1.

Accordingly, the trial court committed no error in denying this motion as untimely.

See *Battlefield Invs. v. City of Lafayette*, 326 Ga. App. 405, 408(2) (756 SE2d 639)

(2014) (trial court properly denied motion to recuse as untimely where it was not filed

within five days of knowledge of alleged bias and without good cause for delay); *Long

v. State*, 324 Ga. App. 882, 895(5) (752 SE2d 54) (2013); USCR 25.1.

*Judgment affirmed. Doyle, P. J., and Padgett, J., concur*.